Filed 5/6/14  P. v. Diaz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038766 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. Nos. SS120652A, SS120822A) |
| v. | |
| CONSUELO DIAZ, | |
| Defendant and Appellant. | |

This appeal arises out of two felony cases.  On April 12, 2012, in case number SS120652A (hereafter case no. 652A) the Monterey County District Attorney charged Consuelo Diaz (appellant) with possession of a controlled substance (methamphetamine) (Health & Saf. Code, § 11377, subd. (a), count one) and misdemeanor possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1, subd. (a), count two). Appellant failed to appear for her arraignment in this case.  Accordingly, the Monterey County District Attorney filed a complaint in case number SS120822A (hereafter case no. 822A) charging appellant with a failure to appear in case no. 652A.  (Pen. Code, § 1320, subd. (b).)

On July 30, 2012, pursuant to a negotiated disposition, in case no. 652A appellant pleaded no contest to possession of a controlled substance and in case no. 822A to failing to appear.

Subsequently, at the August 28, 2012 sentencing hearing, the court suspended imposition of sentence and placed appellant on Proposition 36 probation in case no. 652A. In case no. 822A, the court suspended imposition of sentence and placed appellant on formal probation for three years.

Appellant filed a timely notice of appeal from the sentencing hearing.

The facts underlying appellant's convictions are not relevant to this appeal. However, given the issues on appeal, we detail the proceedings related to the sentencing hearing.

*The Sentencing Hearing*

For the sentencing hearing, the probation officer prepared a report covering both cases. In both cases, the probation officer recommended that numerous conditions of probation be imposed. In case 652A, relevant here, the probation officer recommended in condition 16 that appellant "Participate in any counseling or substance abuse program the Probation Officer deems necessary, including approved residential treatment. No credit for time served in any residential treatment program shall be applied toward any future local jail sentence nor to any future prison commitment should probation be revoked. By accepting probation, you permanently waive your right to such credit."

At the sentencing hearing, defense counsel objected to the part of condition 16 that required appellant to waive her credits for time spent in a residential program. Specifically, counsel asked the court "to reserve on term 16, the waiver of credits for time spent in a residential program." Counsel objected to several other conditions of probation in both cases and the record indicates that the court modified or struck some of the conditions.

In case no. 822A, the court imposed various terms and conditions of probation including a condition 16, which the court indicated was that appellant "[p]ay a restitution

2

fine in the amount of $240."[1]  However, condition 16 in the probation officer's report in that case reads as follows:  "You shall contact the Monterey County Revenue Division . . . within three days of release, and make arrangements to pay all fines, fees, and victim restitution and pay as directed by the Revenue Division."

In case no. 652A, again the court imposed various terms and conditions of probation, but no condition 16 was imposed.  Specifically, the court stated that it was imposing "Terms and conditions 1 through 7.  Term and condition 8, we will strike.  Term and condition 9, 10, 11, 12, 13, 14, term and condition 17.  Term and condition 18, not associate with any individual you know or are told by probation to be on probation or parole.  Term and condition 19, 20."  The minute order from the hearing, which bears Judge Lavorato's signature,[2] shows that the "Court reserve[d] the issue" with respect to condition 16's requirement that appellant waive her right to custody credits.

In case no. 652A, the court awarded appellant two days of custody credits.  Counsel objected and asked the court to award custody credits from a misdemeanor case—where appellant had spent time in the Monterey County Jail on a probation violation—to one of the felony cases.  The prosecutor objected.  The prosecutor explained that appellant was "in custody because she violated her terms, and if we are looking to terminate her informal probation, we can max her out 90 days.  [¶]  And so they are trying to burn time on her felony, and the People believe that we need to have some time over her, so that way we give her further incentive to obey everything on Prop. 36 and get clean and sober and to get her life together.  [¶]  So I want her time to go on her misdemeanor, not on her felony.  We do want that time over her head.  That is an incentive.  She knows that it is there, so that way it is hanging over her head if she ever comes back."  The court awarded only two days of custody credits in case no. 652A and

---

[1]     This condition is condition 6 in the probation officer's report.

[2]     It appears that the signature was applied to the minute order with a stamp or is an electronic signature.

3

one day in case no. 822A.  In case no. 652A, the court ordered that appellant "pay $864 for the cost of the report and $81 for the probation supervision."

With regard to the misdemeanor case, the court noted that appellant had been sentenced in November 2011, to "three-year[s] formal probation, no drugs, a hundred dollar fine.  9 day credits, time served of 9 days.  No restitution issue."  Accordingly, the court ordered that probation was to terminate in that case; the court awarded appellant "74 days, credit time served."[3]  The minute order from the case reflects that probation was terminated and appellant was to serve 74 days with credit for time served.

On appeal, appellant argues that the court erred "in determining that [she] would not receive custody credits for her time in a Proposition 36 rehabilitation program, as the court lacked authority to strip [her] of her right to custody credits . . . ."  Further, the court erred "in allocating the majority of [her] custody credits to the misdemeanor violation of probation while failing to award credits for the same period of incarceration to either of the two felonies for which she was also in custody."  Finally, appellant asserts that the court erred in imposing a probation investigation fee as there was insufficient evidence of her ability to pay the fee.

*Discussion*

*Waiver of Custody Credits*

Appellant argues that the trial court erred in requiring her to waive future credits.  She asserts that at sentencing, the court referred to condition 16, the waiver of credits for time spent in a residential treatment program, referring to the condition by stating " 'term and condition 16 . . . .' "  Appellant contends that read in context the court was ordering

---

[3]    The probation officer's report states that between November 23, 2011 and July 19, 2012, appellant had spent a total of 41 days in the Monterey County Jail.  By calculating appellant's conduct credits at 33 percent, the probation officer calculated appellant's total credit for time served at 74 days.

4

condition 16 as stated in the probation officer's report, which required her to waive custody credits for any residential treatment program that she attended.

The whole premise of appellant's argument is based on the faulty assertion that the court imposed condition 16 as written in the probation officer's report in case no. 652A.

Certainly, probation conditions that the probation officer recommends may become part of the court's order if the court either incorporates them by reference or quotes them either verbatim or with minor modifications as the court did here.

Probation conditions "need not be spelled out in great detail in court as long as the defendant knows what they are; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order and the probationer has a probation officer who can explain to him or [her] the contents of the order." (*People v. Thrash* (1978) 80 Cal.App.3d 898, 901-902.)

In this case, the court's oral recitation of the orders in case no. 652A made no mention of condition 16 either by express reference to the condition or by verbatim recitation.

It has long been held that where there is a discrepancy between the oral pronouncement of judgment and the minute order, the oral pronouncement controls. (*People v. Mesa* (1975) 14 Cal.3d 466, 471; *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) On the other hand, a record that is in conflict will be harmonized if possible. (*People v. Smith* (1983) 33 Cal.3d 596, 599 (*Smith*); *People v. Harrison* (2005) 35 Cal.4th 208, 226.) If it cannot be harmonized, whether one portion of the record should prevail as against contrary statements in another portion of the record will depend on the circumstances of each particular case. (*Smith*, *supra*, 33 Cal.3d. at p. 599.)

In this case, there is no indication that Judge Lavorato intended the signed minute order to modify his in court recitation of the probation conditions he wished to impose in case no. 652A. On the other hand, we note that case no. 652A involved a drug conviction and appellant was placed on Proposition 36 probation. We find it difficult to believe that

5

in such a case the court would not have ordered that appellant participate in counseling or in a substance abuse program. In fact, by statute as a condition of Proposition 36 probation a defendant must participate in and complete an appropriate drug treatment program. (Pen. Code, § 1210.1 [as a condition of probation the court shall require participation in and completion of an appropriate drug treatment program].)

As noted, the signed minute order bears Judge Lavorato's signature, but we cannot tell whether he ever read the minute order before he signed it or whether the clerk of the court applied his signature to the minute order as a clerical function.

Under these circumstances, we would normally give more credence to the oral pronouncement of judgment and send this case back to the trial court to correct the court minutes. We note for the record that if we were to find that the minute order prevails and interpret that order as reserving the issue of whether appellant is required to waive custody credits for participating in a residential drug treatment program, appellant is left in an untenable position of not knowing exactly what are the terms of her probation unless or until she violates her probation. In such a situation appellant's probation conditions would not be sufficiently precise to place her on notice of what is required of her. (*In re Sheena K* (2007) 40 Cal.4th 875, 890 [a probation condition must be sufficiently precise for the probationer to know what is required of him or her].)

In this case, while it is possible that condition 16 was intentionally included in the minute order, it is at least as likely, and perhaps more likely, that it was included as a result of clerical error. Nevertheless, given that this is a drug case in which appellant was placed on Proposition 36 probation, to the extent that the record is ambiguous as to whether she has been ordered to participate in counseling or a drug treatment program and as to whether she has to waive custody credits if she does so as a condition of probation we believe that a remand for clarification is warranted.

Although this court has the authority to define or modify probation conditions (*In re Sheena K., supra,* 40 Cal.4th at p. 892; *People v. Turner* (2007) 155 Cal.App.4th 1432,

6

1436) we decline to exercise that authority here given our uncertainty as to what exactly the court intended to do in this case.[4]

*Award of Custody Credits*[5]

Appellant contends that the trial court erred in awarding the majority of the custody credits that she had accrued to the misdemeanor case MS296196A, while failing to award credits for the same period of incarceration to either of the two felony cases for which she was also in custody.

*Background*

Appellant was convicted of violating Penal Code section 415 (disturbing the peace) on November 29, 2011.

April 6, 2012—appellant was arrested following a probation search that revealed she had approximately 0.6 grams of methamphetamine and a pipe used for smoking methamphetamine. According to the probation officer's report, appellant was housed for two days in the Monterey County Jail on April 6th and April 7th.

April 12, 2012—the Monterey County District Attorney filed a complaint in case no. 652A charging appellant with drug possession. On the same day, the District Attorney filed a notice of a probation violation in appellant's misdemeanor case based on the new drug case.

April 18, 2012—appellant failed to appear for her arraignment in case no. 652A and a bench warrant issued.

May 3, 2012, the Monterey County District Attorney filed a complaint in case no. 822A charging appellant with failure to appear.

---

[4]  We cannot address appellant's underlying issue or appellant's related ineffective assistance of counsel claim because the record is not sufficiently developed to resolve the substantive issue.

[5]  On June 6, 2013, we granted appellant's request to take judicial notice of the record in appellant's misdemeanor case MS296196A.

7

May 4, 2012—appellant appeared in both felony cases for arraignment on the bench warrant. At the same time, she appeared in the misdemeanor case for arraignment on the probation violation. The record indicates that appellant was not in custody on May 4th through May 7th. However, the May 4th minute order from the misdemeanor case indicates "Defendant appears and is in custody on other matter." The court revoked appellant's probation. All three cases were continued to May 7th for further arraignment.

May 7, 2012—appellant failed to appear in both felony cases and the court issued a bench warrant.

May 13, 2012 through May 14, 2012—appellant is housed in the Monterey County jail.

May 22, 2012—the District Attorney filed another notice of a probation violation based on appellant violating several provisions of the Vehicle Code.

May 23, 2012—again, appellant failed to appear in both felony cases. The bench warrant remained active.

July 20, 2012—appellant appeared and waived formal arraignment in both felony cases and the misdemeanor case. The minute orders from the felony cases indicate "Defendant appears and is in custody on this case." The court ordered that appellant remain in custody. The minute order from the misdemeanor case indicates that appellant was arraigned on both probation violations and, again, the court "revoked" appellant's probation in that case to retain jurisdiction.

July 30, 2012—appellant entered no contest pleas in both felony cases. The court ordered that appellant remain in custody on both felony cases. In the misdemeanor case, the court found that appellant had violated her probation based on the plea in the drug case and the Vehicle Code violations that were alleged in the notice of probation violation. The court ordered that appellant remain in custody in the misdemeanor case.

August 28, 2012—the court sentenced appellant in all three cases in the same proceeding. As noted, in case no. 822A appellant was placed on formal probation for

8

three years and in case no. 652A the court placed appellant on Proposition 36 probation for 18 months. In the misdemeanor case, the court terminated appellant's probation and sentenced her to 74 days in county jail credit for time served of 74 days; the court discharged appellant in this case.

The probation officer's report indicates that appellant was housed in the Monterey County jail from July 19 through August 28th, 2012.

At sentencing in case no. 652A (the drug case), the probation officer's report recommended in condition 20 that appellant spend 60 days in county jail and in case no. 822A (the failure to appear case) in condition 15 that she spend 60 days in county jail. The probation officer's report recommended that the county jail term in case no. 822A be served consecutively to the county jail term in case no. 652A and the misdemeanor case. However, when the court imposed condition 15, which the court specifically referenced, in case no. 822A, the court stated "I need to give you one day, but book and release would suffice. One day, credit time served of one day. Book and release suffice." In case no. 652A the court imposed condition 20, which reads "Serve 60 days in County Jail, credit for time served of 2 Days . . . to be served consecutive to Case #'s SS120822A and MS296196A." When the court imposed this condition in case no. 652A, the court stated, "condition . . . 20. Two days, credit time served of[.]" Defense counsel interrupted the court to ask for credit for all the time appellant had been in custody to be awarded against one of the two felony cases. After a brief discussion, the court stated "Credit time served of two days."

The minute order in case no. 652A indicates that appellant is ordered to serve two days with credit for time served of two days. The minute order in case no. 822A indicates that appellant is ordered to serve one day, no credit for time served.

We find ourselves in the difficult position of trying to address appellant's custody credit issue on appeal with a record that is in conflict and ambiguous; that is, we are not sure if the court imposed condition 20 as written, but with credit for time served of two

9

days—in other words a 60 day consecutive jail term, or whether appellant was ordered to serve two days with credit for time served of two days. However, we must assume that as the court referenced condition 20 in case no. 652A and condition 15 in case no 822A, any sentence the court imposed in 652A was to run consecutive to the sentence in 822A and the misdemeanor case.

Citing Penal Code section 2900.5, *People v. Bruner* (1995) 9 Cal.4th 1178 (*Bruner*), and *People v. Williams* (1992) 10 Cal.App.4th 827 (*Williams*), in essence, appellant argues that she is entitled to "dual credits" either to be awarded on the drug case (652A) or the failure to appear case (822A).

Penal Code section 2900.5, subdivision (a) provides, "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, credited to the period of confinement pursuant to Section 4019, and days served in home detention pursuant to Section 1203.018, shall be credited upon his or her term of imprisonment, or credited to any fine . . . on a proportional basis . . . ." However, "Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." (Pen. Code, § 2900.5, subd. (b).) Put another way, the second sentence of Penal Code section 2900.5, subdivision (b), provides "that when consecutive terms are imposed for multiple offenses in a single proceeding, only one of the terms shall receive credit for presentence custody. . . ." (*Bruner, supra,* 9 Cal.4th at p. 1192, fn. 9; see also *People v. Cooksey* (2002) 95 Cal.App.4th 1407, 1414–1415.)

At the outset we note that appellant has not been sentenced to any terms of imprisonment on either the drug case or the failure to appear case; imposition of sentence has been suspended in both those cases, but there is a possibility that appellant was

10

ordered to serve 60 days in county jail in case no. 652A as a condition of probation. In the misdemeanor case she was sentenced to 74 days in county jail credit for time served, which included the period of time for which appellant seeks dual credit. That sentence was, therefore, imposed and deemed to have been served. (*People v. Downey* (2000) 82 Cal.App.4th 899, 914.) Any future prison term would be a de facto consecutive sentence. However, there is still the issue of the possible 60 day county jail term.

Appellant argues that she is entitled to "dual" credits, because her presentence custody was entirely attributable to her crimes in the drug case. In *Williams*, *supra*, 10 Cal.App.4th 827, on which appellant relies, the defendant was on misdemeanor probation when he was arrested for multiple sex crimes against a child. Following revocation of misdemeanor probation, he was sentenced on October 10, 1991 for the misdemeanor to 177 days in jail with 76 days credit for time served up to the time of his misdemeanor sentence. (*Id.* at pp. 830-831.) Pursuant to a plea agreement, on December 6, 1991, he pleaded no contest to a single charge of forcible rape in concert for which he was later sentenced to nine years in prison. (*Id.* at p. 830.) At the time of the felony sentencing, he had served 64 days of the misdemeanor sentence. (*Id.* at p. 831.) On appeal the defendant claimed that the trial court erred in awarding him no presentence credit reducing the felony sentence. The Attorney General conceded that the defendant was entitled to full credit against the felony sentence for all his actual custody time since arrest plus conduct credit under Penal Code section 4019. (*Ibid.*)

The appellate court published part of its opinion in order to explain that the presentence custody was "wholly attributable to the legal proceedings related to the same conduct described in the remaining count on which he was convicted" even though the prosecution had dismissed all other felony charges but one. (*Williams*, *supra*, 10 Cal.App.4th at p. 829.) The trial court had misinterpreted the first sentence in Penal Code section 2900.5, subdivision (b) that "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the

11

defendant has been convicted."  Though the defendant was in custody based on multiple sex charges, they were "connected" and "related to" the remaining sex charge "against the same victim."  (*Williams, supra,* 10 Cal.App.4th at p. 834.)  Under these circumstances, the presentence custody was attributable to the conduct for which the defendant was ultimately convicted.  It was not a "mixed conduct" case at the outset and was not converted into one by the prosecution's dismissal of most of the charges.  (*Ibid.*)

In *Bruner*, *supra*, 9 Cal.4th 1178, the defendant's parole was revoked for four reasons:  absconding from supervision, credit card theft, a failed urine test, and a new felony—possessing cocaine.  (*Id.* at p. 1181.)  While serving 12 months in prison after the parole revocation, the defendant pleaded guilty to a charge of possessing cocaine and was sentenced to 16 months in prison.  As the trial court did not specify whether the sentence was consecutive or concurrent, it was deemed concurrent under Penal Code section 669.  (*Id.* at pp. 1181-1182.)  The defendant was awarded custody credit on his parole term, but complained on appeal about the denial of custody credit against his felony sentence.  (*Id*. at p. 1182.)

*Bruner* upheld the denial of custody credit, holding that "where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint.  Accordingly, when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well."  (*Id.* at pp. 1193-1194.)  *Bruner* overruled *In re Atiles* (1983) 33 Cal.3d 805 (*Atiles*) to the extent it was inconsistent.  (*Bruner*, *supra*, 1194.)  *Bruner* cited *Williams* as an example of how a defendant could establish that time in custody was attributable to his latest offense and not other causes.  (*Bruner,* at p. 1193, fn. 10.)

12

Although *Bruner* involved concurrent sentences, the *Bruner* court considered the significance of the second sentence of Penal Code section 2900.5, subdivision (b). Specifically, the *Bruner* court noted, "*Atiles*'s partial reliance on a 1978 statutory amendment also seems misplaced. The amendment added a second sentence to section 2900.5, subdivision (b), providing that '[c]redit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed.' (Stats. 1978, ch. 304, § 1, p. 632.) The *Atiles* majority implied that the Legislature thus conceded dual credits might be available against multiple *concurrent* sentences. [Citation.] However, there is no indication the 1978 amendment was concerned with concurrent sentences for unrelated conduct imposed in *multiple proceedings*. By its terms, the amendment does no more than clarify that when consecutive terms are imposed for multiple offenses in a single proceeding, only one of the terms shall receive credit for presentence custody, while leaving undisturbed the accepted principle that when *concurrent* sentences are imposed at the same time, presentence custody is credited against all." (*Bruner*, *supra*, 9 Cal.4th at p. 1192, fn. 9.)

*Williams*, and *Bruner* are distinguishable to this case in one important respect. They did not involve the type of sentencing with which we are faced in this case, which is consecutive sentencing, and therefore did not require an application of the second sentence of Penal Code section 2900.5, subdivision (b)—"[c]redit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." *Bruner* expressly acknowledged the concurrent sentences under review. (*Bruner*, *supra*, at p. 1180 [defendant received a prison sentence concurrent to a term he was already serving for violation of his parole in another case].) *Williams* did not describe the serial sentencing in that case as concurrent or consecutive, but due to the overlap of sentences (*Williams*, *supra*, at p. 831), they were concurrent as the term is explained by *Bruner*. "A concurrent term is one that begins on the day it is imposed and is not postponed until the completion of a prior term. Thus, a concurrent

13

new term 'overlaps' the prior term to the extent service of the earlier sentence is not complete on the day the new term is imposed. '[S]entences may be concurrent, i.e., may run together, without either starting together or ending together. What is meant is that they run together during the time that the periods overlap.' [Citation.]" (*Bruner*, *supra*, at p. 1182, fn. 3.) Here the sentence in the misdemeanor case was complete on the day that appellant was admitted to probation in the two felony cases. The second sentence of Penal Code section 2900.5, subdivision (b) prohibits awarding dual credit for a single period in custody attributable to multiple offenses when the resulting sentences are consecutive. Consecutive sentencing is an exception to the dual credit scheme. (See *People v. Velasquez* (1984) 156 Cal.App.3d 477, 481, fn 2.)

Appellant already received credit for the time she spent in custody from July 19, 2012, to August 28, 2012, against her sentence in the misdemeanor case; she was not entitled to receive credit for the same time against any future sentence in the drug case or the failure to appear case or if the court imposed the 60 day consecutive sentence in 652A, against that 60 day sentence. (*Cooksey*, *supra*, 95 Cal.App.4th at pp. 1414-1415.)

The facts of this case are analogous to the situation presented in *Cooksey.* There, the defendant was on probation for discharging a firearm into a residence when he was arrested for robbery on April 1, 2000. (*Cooksey, supra,* 95 Cal.App.4th at pp. 1413-1414.) On April 5, 2000, the defendant's probation was revoked in the discharging a firearm case. (*Id.* at p. 1414.) The defendant was sentenced to 10 years in prison for the robbery and 20 months for discharging a firearm, to run consecutive to his sentence for the robbery. (*Ibid.*) The trial court refused to award defendant any presentence custody credit against his sentence for discharging a firearm. (*Ibid.*) On appeal, the court affirmed the defendant was "not entitled to any credits on the [20-month] subordinate term for time spent after April 5, 2000, when his probation was revoked." (*Ibid.*) Citing Penal Code section 2900.5, subdivision (b), the court explained that "[a]s of April 5, 2000, [the] defendant was subject to a 'single period of custody attributable to multiple

14

offenses' within the meaning of section 2900.5, subdivision (b). He was subject to custodial restraint because of the April 1, 2000, robbery arrest as well as the April 5, 2000, summary probation revocation order. When [he] was sentenced to prison for robbery on December 12, 2000, he was given presentence credits from the date of his arrest, April 1, 2000. Section 2900.5, subdivision (b), only permits credit to be awarded 'once' when *consecutive* sentences are imposed as occurred here. Therefore, [the] defendant is not entitled to credit against the subordinate [20-month] term for the time spent in custody from April 5, 2000; that credit was awarded on the consecutive principal term." (*Id.* at pp. 1414-1415.)

In this case, appellant was subject to a single period of custody attributable to multiple offenses within the meaning of Penal Code section 2900.5, subdivision (b) for which consecutive sentences were imposed. That is from July 20th to August 8th, 2012,[6] she was in custodial restraint because of arrest in the new drug case and because of the summary revocation of probation order. When appellant was sentenced she was given presentence credit against her misdemeanor case. Even if appellant had been ordered to serve 60 days in county jail in case no. 652A, the jail term in that case was a consecutive sentence pursuant to the court's adoption of condition 20.

Appellant was sentenced for *three different offenses* at the same time*:* possession of a controlled substance (652A), failure to appear (822A), and disturbing the peace (the misdemeanor case). That appellant's possession of a controlled substance resulted in a separate possession conviction and the revocation of her probationary term on the earlier disturbing the peace conviction is not relevant. The sentence imposed "following revocation of probation . . . is imposed . . . for the original conviction offense and not the separate offense which caused probation to be revoked." (*People v. Blunt* (1986)

---

[6]     The court awarded appellant one day of custody credit in case no. 822A, we must assume that this was for the day she spent in the Monterey County jail on July 19, 2012, when she was arrested on the bench warrant.

15

186 Cal.App.3d 1594, 1600.)  Since appellant was sentenced for multiple offenses for which consecutive sentences were imposed in the same proceeding (Pen. Code, § 2900. 5, subd.(b)), she is entitled to "[o]nly one set of credits."  (*People v. Adrian* (1987) 191 Cal.App.3d 868, 876.)

In sum, we reject appellant's request for dual credits.

*Probation Costs*

In case no. 652A, the court ordered appellant to "pay $864 for the cost of the report and $81 for probation supervision . . . ."  The court made no mention that these costs were to be paid in accordance with appellant's ability to pay.

The probation officer recommended that the court impose a presentence investigation fee of $864 and a probation supervision fee of $81 per month.  With regard to appellant's financial capability, the probation officer noted that it was "[m]inimal" but went on to say "however, it is anticipated the defendant will be able to pay any fines or fees associated with this offense."  However, with regard to the probation service fees, the report states, "The defendant is ordered to provide the Probation Officer with financial information for evaluation of his/her ability to pay, and is ordered to pay the amount Probation determines he/she can afford."  The minute order from the sentencing hearing contains identical language.  Again, we find that the oral pronouncement of judgment is not reflected in the written minutes.

Penal Code section 1203.1b, subdivision (a) provides as relevant here, "In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, and in any case in which a defendant is granted probation or given a conditional sentence, the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, of

16

conducting any preplea investigation and preparing any preplea report . . . . , of conducting any presentence investigation and preparing any presentence report . . . . The reasonable cost of these services and of probation supervision or a conditional sentence shall not exceed the amount determined to be the actual average cost thereof. A payment schedule for the reimbursement of the costs of preplea or presentence investigations based on income shall be developed by the probation department of each county and approved by the presiding judge of the superior court. The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer, or his or her authorized representative, shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay. The probation officer shall inform the defendant that the defendant is entitled to a hearing[] that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver." "[A]lthough section 1203.1b permits a separate hearing on a defendant's ability to pay probation costs, the statute does not prohibit a sentencing court from conducting the hearing as part of the sentencing process." (*People v. Phillips* (1994) 25 Cal.App.4th 62, 70.)

Appellant claims that in her case the court failed to determine her ability to pay the probation related costs, and there is insufficient evidence to support an implied finding that she does have such ability. Appellant did not object to the fees below, but asserts that due to the nature of the claim—insufficiency of the evidence—she did not need so to do to preserve this issue for review.

Respondent argues that appellant has forfeited this issue on appeal because she failed to object below. Respondent notes that previously this court held in *People v.*

17

*Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*), that claims based on insufficiency of the evidence to support an order for probation related costs, similar to the argument appellant makes here, does not need to be raised in the trial court to preserve the issue on appeal. (*Id.* at p. 1397.) Other appellate courts have disagreed. (See *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1071-1072 [claim regarding insufficient evidence to support probation supervision fee forfeited on appeal].)

In *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), the California Supreme Court disapproved of our holding in *Pacheco* that challenges to the sufficiency of the evidence to support an ability to pay finding may be raised for the first time on appeal. (*McCullough*, *supra*, 56 Cal.4th at p. 599.)

In *McCullough,* the Supreme Court granted review to determine whether a defendant who failed to object that the evidence was insufficient to support a finding of his ability to pay a booking fee (Gov. Code, § 29550.2) when the court imposed it forfeited his right to challenge the fee on appeal. (*McCullough*, *supra*, 56 Cal.4th at p. 591.)

The *McCullough* court distinguished "between an alleged factual error that had necessarily not been addressed below or developed in the record because the defendant failed to object, and a claimed legal error, which 'can be resolved without reference to the particular sentencing record developed in the trial court.' [Citation.]" (*McCullough*, *supra*, at p. 594.) The Supreme Court observed, "we may review an asserted legal error in sentencing for the first time on appeal where we would not review an asserted factual error." (*Ibid*.) "In the case of an asserted legal error, '[a]ppellate courts are willing to intervene in the first instance because such error is "clear and correctable" independent of any factual issues presented by the record at sentencing.' [Citation.]" (*Ibid*.)

The *McCullough* court concluded that a defendant's ability to pay a booking fee does not present a question of law. The court stated that a "[d]efendant may not 'transform . . . a factual claim into a legal one by asserting the record's deficiency as legal

18

error.'  [Citation.]  By 'failing to object on the basis of his [ability] to pay,' [a] defendant forfeits both his [or her] claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.'  [Citations.]"  (*McCullough*, *supra*, at p. 597.)

Finally, the Supreme Court noted that in *People v. Scott* (1994) 9 Cal.4th 331, the court had already determined "that the requirement that a defendant contemporaneously object in order to challenge the sentencing order on appeal advanced the goals of proper development of the record and judicial economy."  (*McCullough, supra*, at p. 599.) Accordingly, the court concluded, "[g]iven that imposition of a fee is of much less moment than imposition of sentence, and that the goals advanced by judicial forfeiture apply equally" the *McCullough* court saw "no reason to conclude that the rule permitting challenges made to the sufficiency of the evidence to support a judgment for the first time on appeal 'should apply to a finding of' ability to pay a booking fee . . . ."  (*Ibid*.)  The *McCullough* court explicitly disapproved of this court's decision in *Pacheco* insofar as it held to the contrary.  (*Ibid*.)

Nonetheless, in part, the *McCullough* court distinguished the booking fees statutes from other fees statutes, including the statute dealing with probation related costs such as the one at issue here—Penal Code section 1203.1b.  The *McCullough* court noted that in contrast to the booking fees statutes, these statutes have procedural safeguards, which indicated to the *McCullough* court that the Legislature considered the financial burden of the booking fee to be de minimus.  (*McCullough*, *supra*, at pp. 598-599.)  The *McCullough* court concluded that since the Legislature "interposed no procedural safeguards or guidelines" for imposition of a booking fee the "rationale for forfeiture is particularly strong."  (*Id*. at p. 599.)

As outlined *ante*, Penal Code section 1203.1b sets forth a procedure that must be followed before a trial court may impose fees for the cost of supervised probation or for the preparation of the probation report.  We reiterate that the statute requires that a court must first order a defendant report to the probation officer, who will then make a

19

determination of a defendant's ability to pay. (Pen. Code, § 1203.1b, subd. (a).) The court must then inform the defendant of his or her right to a hearing, during which the court will make a determination of defendant's ability to pay. (*Ibid.*) A defendant may waive his or her right to this hearing, but this waiver must be made knowingly and intelligently. (*Ibid.*) If a defendant does not waive his or her right to a hearing, the matter will be remanded to the trial court that will then determine defendant's ability to pay. (*Ibid.*)

Notably, in *Pacheco*, *supra*, 187 Cal.App.4th 1392, the defendant not only appealed the imposition of a booking fee but also appealed the imposition of a probation supervision fee, which he argued was imposed without a determination of his ability to pay. (*Id.* at p. 1400.) With respect to this probation related cost we struck the probation supervision fee imposed under Penal Code section 1203.1b because we found there was "no evidence in the record that anyone, whether the probation officer or the court, made a determination of [defendant's] ability to pay the $64 per month probation supervision fee." (*Pacheco*, *supra*, 187 Cal.App.4th at p. 1401.) Further, we did not find that there was "any evidence that probation advised" the defendant "of his right to have the court make this determination or that he waived this right." Thus, we concluded "that the statutory procedure provided at section 1203.1b for a determination of [defendant's] ability to pay probation related costs was not followed. Moreover, these costs, which are collectible as civil judgments," could not be made a condition of probation. (*Ibid.*) "For all these reasons," we concluded the "$64 monthly probation supervision fee [could] not stand." (*Ibid.*) As can be seen, imposition of the probation related costs in *Pacheco* was erroneous regardless of whether substantial evidence supported an ability to pay.

The same is true in this case. Even if we were to conclude that under *McCullough* appellant's sufficiency of the evidence argument as to probation related costs is forfeited, there is nothing in the record to support the conclusion that anyone, whether the probation officer or the court, *made a determination of appellant's ability to pay* the

20

probation supervision fee or cost of preparing the presentence investigation report. In other words, there is nothing in the record to support the conclusion that the court or the probation officer complied with the procedural safeguards.[7] We reject respondent's assertion that the court implicitly found that appellant had the ability to pay. Respondent's position ignores the statutory language of Penal Code section 1203.1b; and the condition alone reveals nothing about appellant's current financial position, her earning ability, or her expenses, all of which should be considered in determining appellant's ability to pay probation related costs. (Pen. Code, § 1203.1b, subd. (e) (1)-(4) [ability to pay includes a consideration of a defendant's present financial position, future financial position, likelihood the defendant can obtain employment within a one year period and any other factor or factors that may bear upon the defendant's financial ability to reimburse the county for costs].)

The statutory procedure provided in Penal Code section 1203.1b for a determination of appellant's ability to pay probation related costs was not followed in this case. Accordingly, we must remand this matter to the trial court. (See *People v. Flores* (2003) 30 Cal.4th 1059, 1063 [assuming for the purposes of review that remand is the proper remedy when a court orders a defendant to pay attorney fees under Penal Code section 987.8 without substantially complying with procedural safeguards enumerated in that section].)

*Disposition*

In case number SS120652A, the judgment (order of probation) is reversed and the matter is remanded with directions to the trial court to follow the statutory procedure in Penal Code section 1203.1b before imposing probation related costs. Further, the trial

---

[7] We note for the record that the amount of money that appellant is required to pay during her probationary period amounts to over $2000—not an insignificant amount of money particularly for someone who, according to the probation officer, has only a sixth grade education, was last employed by a friend to clean houses in Monterey part time, and who may have to enter a residential drug treatment program.

court is to clarify in case number SS120652A whether appellant is ordered to participate in counseling or a substance abuse program as part of her Proposition 36 probation.

In case number SS120822A, and MS 296196A, the court's orders are affirmed.


_____

ELIA, J.


WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.

22