Filed 1/29/14  P. v. Sanchez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048344 |
| v. | (Super. Ct. No. 11CF3118) |
| MIGUEL CUEVAS SANCHEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Jesse W.J. Male and David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Miguel Cuevas Sanchez of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).  The trial court suspended imposition of sentence and placed him on three years formal probation.

Defendant appeals, in part, because after the court stated the conditions of probation in open court, the minute order added several additional provisions.  Relying on cases dealing with pronouncement of sentences, he argues the additions should be struck.  But "though the older rule is to give preference to the reporter's transcript where there is a conflict, the modern rule is that if the clerk's and reporter's transcript cannot be reconciled, the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case. [Citations.]  (In *People v. Thrash* (1978) 80 Cal.App.3d 898 [146 Cal.Rptr. 32], the appellate court held that probation conditions 'need not be spelled out in great detail in court as long as the defendant knows what they are; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order . . . .' [Citation.]"  (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346.)  Here defendant had access to the minute order and thus notice of the conditions was sufficient.  If he contends the minute order does not reflect the intentions of the trial court, he could have sought correction in that court and failed to do so.  Defendant was placed on probation under Proposition 36 (Pen. Code, §§ 1210, 1210.1) and the conditions imposed are within the spirit of that proposition.  (Pen. Code, § 1210.1, subd. (a).)

In addition, defendant complains that several of the conditions of his probation are vague or overbroad.  We will review each of these.

One of the conditions required defendant to "maintain a residence as approved by probation."  He claims that this "impinges on constitutional entitlements – the right to travel and freedom of association" and complains that the court should have provided probation with criteria "upon which approval is to be based."  In support of his

argument, defendant cites *People v. Bauer* (1989) 211 Cal.App.3d 937. But that decision was based on the defendant's unique relationship with his parents and the court's apparent conclusion the probation officer would likely prohibit defendant from living with them. (*Id.* at p. 944.) The case is fact specific and relates to the needs of the parents as well as defendant's relationship with them. No such facts are presented here. The requirement here must be seen in the light of defendant's living in a house with other users of illicit drugs at the time of his arrest.

Defendant next complains of a condition prohibiting him from "associat[ing] with person known to be on parole or on post release community supervision or convicted felons or users or sellers of drugs – of illegal drugs or otherwise disapproved by the probation office." He argues this prohibition is overbroad "because it precludes defendant's participation in any group programs required for his rehabilitation." He cites no authority to support this argument. The condition relating to "disapprov[al] by the probation office" would give the defendant the ability to attend rehabilitation programs. "Associating" would extend beyond participation in a program approved by probation.

Finally, defendant objects to the condition that he "[u]se no unauthorized drugs, narcotics, or controlled substances and submit to drug or narcotic testing as directed by the probation or mandatory supervision officer, or any peace officer." Citing *People v. Quiroz* (2011) 199 Cal.App.4th 1123, he claims the terms are "vague in that it is not clear what is authorized or who does the authorizing." *Quiroz* is of little help to him. It upheld a condition requiring the defendant to "'[s]ubmit a record of income and expenditures to the Probation Officer as directed'" against a claim this condition was too vague or overbroad. (*Id.* at p. 1127.) Again, without citing applicable authority, defendant contends this would preclude him from using physician prescribed

3

medications.  The prohibition is limited to "unauthorized" drugs, etc.  Medication prescribed by a physician would not be "unauthorized."

DISPOSITION

The judgment is affirmed.

RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

4