Filed 4/4/14  P. v. Solomon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071063 |
| v. | (Super. Ct. No. 12F00088) |
| JEREMY LERON SOLOMON, | |
| Defendant and Appellant. | |

Defendant Jeremy Leron Solomon pled no contest to one count of possession of cocaine for sale (Health & Saf. Code, § 11351) and was granted formal probation for a period of five years.  On appeal, defendant challenges the following italicized language contained in the minute order and order of probation:  "It is the further Order of the Court that . . . you shall comply in all respects with any Special Conditions of Probation contained in your Order of Probation or which may subsequently be ordered by the Court *or the Probation Officer*."  (Italics added.)  He argues the italicized language violates the separation of powers doctrine because it "impermissibly empowers the probation officer to exercise the judicial function of fashioning and imposing conditions of probation."

1

The Attorney General agrees the written probation order "should be modified to eliminate the probation officer's apparent authority to impose additional specific probation conditions." The Attorney General also notes the challenged order was not orally pronounced by the trial court.

We conclude the trial court did not order defendant to comply with future special probation conditions that may be imposed by the probation officer. Inclusion of such an order in the written probation order was error. We therefore affirm the judgment, but direct the clerk of the superior court to correct this and other errors in the minute order and order of probation.

BACKGROUND

We dispense with a recitation of the facts surrounding defendant's crime as they are not relevant to the issue raised on appeal.

Following defendant's plea of no contest, in accordance with the negotiated plea agreement, the trial court granted defendant formal probation for a period of five years. As a condition of probation, defendant was ordered to serve 180 days in the county jail. The trial court also imposed "all other conditions as set forth in the probation officer's report," waived main jail booking and classification fees based on defendant's inability to pay, and suspended execution of various other fines and fees, stating: "So, it's only if [defendant] were to not successfully complete [probation] that those come back into play, all right."[1] The trial court then orally imposed the following orders: "Defendant is ordered to provide a DNA sample and fingerprints pursuant to Penal Code Section

---

[1] These fines and fees ("drug program fee in the amount of $150.00 pursuant to Section 11372.7 of the Health and Safety Code, plus $130.00 penalties and assessments as prescribed by law") were erroneously listed in the report under the heading, "Specific Conditions of Probation" (see *People v. Benner* (2010) 185 Cal.App.4th 791, 797 ["trial court erred by conditioning appellant's probation on the payment of certain fees and costs"]), and then listed again under the appropriate heading, "Fees and Fines."

2

296(a). [¶] He is prohibited from owning or possessing a firearm or ammunition for the rest of his life. [¶] He's ordered to register as a convicted narcotics offender with the sheriff or police department where he is to reside. [¶] He will be ordered to report to the Probation Department within 48 hours of his release from custody to begin the probationary process."

We decline to recite each probation condition set forth in the probation officer's report. For our purposes, it will suffice to state that nowhere in the report is there an order for defendant to comply with future special probation conditions that may be imposed by the probation officer. Nevertheless, the minute order and order of probation contains the following: "It is the further Order of the Court that . . . you shall comply in all respects with any Special Conditions of Probation contained in your Order of Probation or which may subsequently be ordered by the Court *or the Probation Officer*." (Italics added.) The written probation order also directs defendant to pay the various fines and fees, execution of which was orally suspended by the trial court, without any notation such execution was suspended. Finally, the following specific condition of probation contained in the probation officer's report did not make its way into the minute order and order of probation: "Defendant register as a convicted drug offender, pursuant to Section 11590 of the Health and Safety Code, in any city or county in which the defendant resides."

## DISCUSSION

The parties agree the minute order and order of probation must be corrected to delete reference to the probation officer's purported ability to impose subsequent specific probation conditions. We concur.

"The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution." (Cal. Const., art. III, § 3.)

3

Penal Code[2] section 1203.1 provides the trial court with broad discretion to impose "reasonable conditions [of probation], as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." (§ 1203.1, subd. (j); *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 319.) "[S]ection 1202.8, subdivision (a) provides, 'Persons placed on probation . . . shall be under the supervision of the county probation officer who shall determine both the level and type of supervision consistent with the court-ordered conditions of probation.' Section 1203, subdivision (a) provides in part, ' "probation" means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer.' Thus, by statute, the [trial] court sets conditions of probation and the probation officer supervises compliance with the conditions." (*People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240.)

From the foregoing, it follows that, while probation officers "have wide discretion to enforce court-ordered conditions," they may not impose their own conditions of probation. (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373; *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358.) Accordingly, had the trial court ordered defendant to comply with future special probation conditions that may be imposed by the probation officer, we would have to modify the judgment to strike the order as unauthorized. However, as we explain below, because the trial court imposed no such order, we shall affirm the judgment and order the clerk of the superior court to correct the minute order and order of probation to remove reference to the probation officer's purported ability to impose probation conditions.

---

[2] Undesignated statutory references are to the Penal Code.

The general rule is that where the oral pronouncement conflicts with the clerk's minute order, the oral pronouncement controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) This is particularly true where the trial court imposes judgment and sentence in a felony case since, with certain exceptions, " 'judgment and sentence in felony cases may be imposed only in the presence of the accused.' " (*People v. Zackery* (2007) 147 Cal.App.4th 380, 386-387, quoting *In re Levi* (1952) 39 Cal.2d 41, 45; see also § 1193, subd. (a).) However, "[p]robation is neither 'punishment' (see § 15) nor a criminal 'judgment' (see § 1445). Instead, courts deem probation an act of clemency in lieu of punishment." (*People v. Howard* (1997) 16 Cal.4th 1081, 1092.) "[A] grant of probation is not part of the judgment that creates vested rights; the court has the authority to revoke, modify or change its order." (*People v. Thrash* (1978) 80 Cal.App.3d 898, 900-901.) "The fact a person is granted probation, rather than a pardon, gives rise to the implication there are conditions. These conditions need not be spelled out in great detail in court *as long as the defendant knows what they are*; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order and the probationer has a probation officer who can explain to him [or her] the contents of the order." (*Id.* at pp. 901-902, italics added.)

Here, during the oral pronouncement, the trial court did not order defendant to comply with future special probation conditions that may be imposed by the probation officer. Nor does the probation officer's report recommend such an order be issued by the trial court. Inclusion of this unauthorized order in the minute order and order of probation, presumably prepared after the terms and conditions of probation were announced at the sentencing hearing, could not possibly have been within defendant's contemplation. In these circumstances, we conclude the general rule that the oral pronouncement prevails over the clerk's minute order should be followed. (See *People v. Farell*, *supra*, 28 Cal.4th at p. 384, fn. 2.) We therefore direct the clerk of the superior court to correct the minute order and order of probation to delete the words "or the

5

Probation Officer" from the following order contained therein: "It is the further Order of the Court that . . . you shall comply in all respects with any Special Conditions of Probation contained in your Order of Probation or which may subsequently be ordered by the Court or the Probation Officer."

There are two additional errors in the minute order and order of probation that must be corrected. First, after setting forth the order to pay the "drug program fee in the amount of $150.00 pursuant to Section 11372.7 of the Health and Safety Code, plus $130.00 penalties and assessments as prescribed by law," correctly noting this to be "a court ordered fee" and "not a condition of probation," and properly itemizing the breakdown of the $130 in penalties and assessments with their statutory bases, the clerk must indicate in the minute order and order of probation that the execution of these fines and fees is suspended pending successful completion of probation. Second, the clerk must include the following specific condition of probation, which was imposed by the trial court by reference to the probation report during the oral pronouncement, in the minute order and order of probation: "Defendant register as a convicted drug offender, pursuant to Section 11590 of the Health and Safety Code, in any city or county in which the defendant resides."

DISPOSITION

The judgment (order granting probation) is affirmed. The clerk of the superior court is directed to correct the minute order and order of probation to: (1) delete the words "or the Probation Officer" from the following order contained therein: "you shall comply in all respects with any Special Conditions of Probation contained in your Order of Probation or which may subsequently be ordered by the Court or the Probation Officer"; (2) indicate the trial court suspended execution of the following fines and fees: "drug program fee in the amount of $150.00 pursuant to Section 11372.7 of the Health and Safety Code, plus $130.00 penalties and assessments as prescribed by law"; and (3) include the following specific condition of probation: "Defendant register as a

6

convicted drug offender, pursuant to Section 11590 of the Health and Safety Code, in any city or county in which the defendant resides."

                                                               _____ HOCH _____, J.

We concur:

_____ RAYE _____, P. J.

_____ ROBIE _____, J.

7