Filed 11/21/14  P. v. Line CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE, | C075417 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F0045) |
| v. | |
| STEVEN KENNETH LINE, | |
| Defendant and Appellant. | |

Defendant Steven Kenneth Line pled guilty to a felony charge of failure to appear in court and a misdemeanor charge for possession of marijuana.  The trial court suspended imposition of his sentence and placed him on three years of formal probation.  As a condition of probation, the trial court ordered defendant to serve 70 days in county jail for failing to appear in court and 180 days for possession of marijuana.  The trial

court awarded defendant 70 days of custody credit on the charge of failure to appear and 180 days of credit on the marijuana charge.  At the time of sentencing, defendant's

1

counsel indicated that she had "previously went over the sentencing report and recommendation with [defendant]." The court said it "grants probation under the terms and conditions recommended." The probation report recommended a series of fines and charges that were incorporated into an order signed by the defendant. No objections were raised to any fines or fees at sentencing.

On appeal, defendant claims the written probation order wrongly indicates that he received 35 days of custody credit on the charge of failure to appear, not the 70 days he was awarded. Defendant also claims the written order of probation lists numerous fines and fees, none of which were orally imposed by the trial court at sentencing. Defendant asks this court to order the trial court to correct the error regarding custody credit and remand the matter to allow the trial court to exercise its discretion in imposing fines and fees on defendant. The People concede both errors and agree with defendant's proposed resolution.

Having reviewed the record and relevant legal authority we accept the People's concession as to the custody credit issue. Accordingly, we will order corrected the order of probation. As to the imposition of fees and fines, however, we find any claim of error forfeited due to defendant's failure to object at the time of sentencing. (See, e.g., *People v. Scott* (1994) 9 Cal.4th 331, 354-355.) Further, we find no error since the trial court referred to the probation report and imposed the fines and fees included therein as "recommended," thus incorporating by reference the probation report, which counsel had reviewed with defendant before the sentencing hearing. (*People v. Thrash* (1978) 80 Cal.App.3d 898, 901-902.)

## DISPOSITION

The trial court is directed to amend the order of probation to reflect the trial court's award of 70 days of custody credit on the charge of failure to appear. In all other respects the judgment (order of probation) is affirmed.

2

       ROBIE       , Acting P. J.


We concur:



       MURRAY       , J.



       DUARTE       , J.