Filed 4/20/15  P. v. Wheeler CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ELIZABETH WHEELER,<br><br>　　　Defendant and Appellant. | H041031<br>(Santa Cruz County<br>Super. Ct. No. F26738) |

## I.　INTRODUCTION

Defendant Elizabeth Wheeler appeals after pleading guilty to possession of heroin (Health & Saf. Code, § 11350, subd. (a)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), misdemeanor possession of a smoking device (Health & Saf. Code, § 11364.1, subd. (a)), and misdemeanor destruction or concealment of evidence (Pen. Code, § 135).  Defendant was placed on probation for three years, with the condition that she serve 90 days in county jail, with 26 days of credit for time served. She was also ordered not to "frequent places where alcohol is [the] chief item of sale" and not to "associate with persons whose behavior might lead to criminal activities."

On appeal, defendant contends that the probation conditions barring her from frequenting places where alcohol is the chief item of sale and associating with persons whose behavior might lead to criminal activities are vague and/or overbroad.  Defendant

also argues that she is entitled to 26 days of presentence conduct credit under Penal Code section 4019. The Attorney General concedes both issues.

We will modify the probation condition barring defendant from "frequent[ing] places where alcohol is [the] chief item of sale," and we will strike the probation condition barring her from "associat[ing] with persons whose behavior might lead to criminal activities." We will also modify the judgment to award defendant 26 days of presentence conduct credit.

## II. BACKGROUND

On the morning of April 26, 2014, Deputy Sheriff Matthew Pursley was on patrol when he saw a white Ford Explorer pull out in front of him. A routine computer check showed that the vehicle's registration had expired, though it had current registration tags. Deputy Pursley pulled the vehicle over. Two of the four occupants were on "searchable probation" for narcotics offenses.

Deputy Pursley had all four occupants step out of the vehicle. Defendant consented when Deputy Pursley asked if he could search her for weapons, whether he could search her pockets, and whether he could search her fanny pack. In the fanny pack, he found a small plastic bag containing a black sticky substance that looked like black tar heroin. A later test showed "[p]resumptive positive" for heroin. Deputy Pursley handcuffed defendant and put her in the back of a patrol car next to Nathan Young, who was not handcuffed. Defendant asked Young to remove a small packet of methamphetamine from defendant's bra so that jail staff would not find it, but officers observed this and seized the packet. Deputy Pursley searched defendant's backpack, which he found in the vehicle. The backpack contained a used methamphetamine smoking pipe.

Defendant was charged with possession of heroin (count 1; Health & Saf. Code, § 11350, subd. (a)), possession of methamphetamine (count 2; Health & Saf. Code, § 11377, subd. (a)), misdemeanor possession of a smoking device (count 3; Health & Saf.

2

Code, § 11364.1, subd. (a)), and misdemeanor destruction or concealment of evidence (count 4; Pen. Code, § 135). On May 21, 2014, defendant plead guilty to all four charges. She was placed on three years of formal probation, with the condition that she serve 90 days in county jail, with 26 days of credit for time served.

The trial court imposed various probation conditions, including the following: "Do not drink alcoholic beverages or frequent places where alcohol is [the] chief item of sale," and "Obey all laws and do not associate with persons whose behavior might lead to criminal activities."[1]

### III.   DISCUSSION

#### A.   Probation Conditions

Defendant challenges the probation conditions restricting her association with "persons whose behavior might lead to criminal activities" and barring her from "frequent[ing] places where alcohol is [the] chief item of sale" on the grounds that the conditions are unconstitutionally vague and/or overbroad.

#### 1. Association Condition

One of defendant's probation condition provides: "Obey all laws and do not associate with persons whose behavior might lead to criminal activities."

Defendant contends that this probation condition is unconstitutionally vague and overbroad because it "may prohibit [defendant] from associating with persons whose behavior is entirely lawful, but may lead to criminal activities in third parties."

---

[1] These probation conditions are contained in the written probation order, which was signed by the trial court. Orally, the trial court instructed defendant to "[o]bey all laws" and to "[t]otally abstain from the use [of] alcohol," then indicated it would sign the written probation order. As the written probation order contains a more detailed recitation of the conditions, we determine that it controls under the circumstances here. (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346; *People v. Thrash* (1978) 80 Cal.App.3d 898, 901-902.)

3

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) In addition, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness." (*Ibid.*) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citations.]' [Citation.]" (*Ibid.*)

In *Sheena K.*, the California Supreme Court considered a probation condition requiring the defendant not " 'associate with anyone disapproved of by probation.' " (*Sheena K.*, *supra*, 40 Cal.4th at p.880.) The court held "that in the absence of an express requirement of knowledge," the probation condition was unconstitutionally vague because it "did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her probation officer." (*Id.* at pp. 891-892.) In *People v. Gabriel* (2010) 189 Cal.App.4th 1070 (*Gabriel*), this court considered a condition requiring the defendant " '[n]ot associate with any individuals you know or suspect to be gang members, drug users, or on any form of probation or parole supervision.' " (*Id.* at p. 1073.) Pointing to the dictionary definition of "suspect" as " 'to imagine to exist to be true, likely, or probable,' " this court held that the word "fail[ed] to provide defendant with adequate notice of what [was] expected of him" and "render[ed] the condition insufficiently precise for a court to determine whether a violation has occurred." (*Ibid.*)

4

Defendant points out that "neither she nor anyone else can identify in advance someone whose present behavior might in the future lead to criminal conduct," and that she "may not be aware of all of the behaviors in which her associates 'might' engage," such that "[a]s a practical matter, [she] now has to choose between avoiding nearly everyone, or risking revocation of probation if she guesses wrongly in predicting someone's possible future misconduct." Defendant proposes that the condition here be stricken, contending that the "[i]nsertion of a knowledge requirement would not rescue [it]."

The Attorney General has no objection to striking the probation condition, explaining that while the condition's "obvious purpose is to reduce the risk of [defendant] engaging in criminal activities," its "vagueness and overbreadth problems cannot be readily remedied by the addition of a knowledge requirement."

We agree that the category of "persons whose behavior might lead to criminal activities" is overbroad, in that it could potentially include an unlimited number of people. We also agree that the phrase "whose behavior might lead to criminal activities" is vague, in that it "fails to provide defendant with adequate notice of what is expected of [her]" and "renders the condition insufficiently precise for a court to determine whether a violation has occurred." (*Gabriel, supra,* 189 Cal.App.4th at p. 1073.) In accordance with the Attorney General's concession, we will strike the probation condition prohibiting defendant from associating with "persons whose behavior might lead to criminal activities."

### 2. Alcohol Condition

One of defendant's probation conditions provides: "Do not drink alcoholic beverages or frequent places where alcohol is [the] chief item of sale."

Defendant contends that the terms "frequent" and "chief item of sale" in this probation condition are unconstitutionally vague and overbroad. Defendant proposes that a knowledge element be added to the probation condition because "[t]here is no way [defendant] can know, as she enters a commercial establishment, whether alcohol is its

5

chief item of sale."  The Attorney General "has no objection" to modifying the probation condition at issue to include a knowledge requirement.

We agree that as written, defendant could unknowingly violate the condition.  An area where "alcohol is [the] chief item of sale" might be, in some instances, a bowling alley or baseball park, even though the primary service being offered is recreational.  The probation condition thus must include an express knowledge requirement to give defendant fair warning of what locations she must avoid.  (See *Sheena K., supra,* 40 Cal.4th at p. 890; *People v. Patel* (2011) 196 Cal.App.4th 956, 959.)

We also agree with defendant that the word "frequent" renders the condition unconstitutionally vague, "because it is both obscure and has multiple meanings." (*People v. Leon* (2010) 181 Cal.App.4th 943, 952 (*Leon*).) In *Leon,* we modified a condition that stated, " 'You're not to frequent any areas of gang-related activity' " to " 'You are not to visit or remain in any specific location which you know to be or which the probation officer informs you is an area of criminal-street-gang-related activity.' " (*Ibid.*)

Accordingly, we shall modify this condition to state:  "Do not drink alcoholic beverages and do not visit or remain in any specific location which you know to be or which the probation officer informs you is an area where alcohol is the chief item of sale."

**B.     Conduct Credit**

At the sentencing hearing on May 21, 2014, as a condition of probation, the trial court ordered defendant to serve 90 days in county jail, and it awarded defendant 26 days of credit for time served.  Defendant requests that this court order her sentence modified to include 26 days of presentence conduct credit.

Penal Code section 4019 provides that for persons like defendant, who committed crimes after October 1, 2011, and received a county jail sentence as a condition of probation (*id.*, subd. (a)(2)), conduct credit is earned "unless it appears by the record that

6

the prisoner has refused to satisfactorily perform labor as assigned" (*id.*, subd. (b)) or that the prisoner "has not satisfactorily complied with the reasonable rules and regulations established by the sheriff" (*id.,* subd. (c)). "It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody." (*Id.*, subd. (f).)

As defendant notes, the record reflects that she was arrested on April 26, 2014, for conduct underlying the charges in this case, and that she was in continuous custody for 26 days through May 21, 2014, when she pleaded guilty and was sentenced. As the Attorney General concedes, defendant should have been awarded 26 days of Penal Code section 4019 conduct credit in addition to the 26 days of actual custody credit, because nothing in the record indicates that she did not satisfactorily comport herself while in custody. Accordingly, we will award defendant 26 days of conduct credit under Penal Code section 4019.

**IV.**                                           **DISPOSITION**

The judgment is ordered modified as follows:

The probation condition that provides, "Obey all laws and do not associate with persons whose behavior might lead to criminal activities" is stricken.

The probation condition that provides, "Do not drink alcoholic beverages or frequent places where alcohol is chief item of sale," is modified to state: "Do not drink alcoholic beverages and do not visit or remain in any specific location which you know to be or which the probation officer informs you is an area where alcohol is the chief item of sale."

Defendant is awarded 26 days of presentence conduct credit pursuant to Penal Code section 4019.

As so modified, the judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MIHARA, J.

_____
MÁRQUEZ, J.