Filed 6/15/15  P. v. Seda CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN ADAM SEDA,<br><br>        Defendant and Appellant. | A142301<br><br>(Sonoma County<br>Super. Ct. No. SCR623561) |

Defendant and appellant Justin Adam Seda (appellant) appeals following the trial court's revocation of probation and imposition of a prison term after links to both prohibited videos and a photograph were found on appellant's cell phone.  We affirm.

BACKGROUND

In November 2012, appellant pleaded guilty to possession of child pornography (Pen. Code, § 311.11, subd. (a)).[1]  On January 9, 2013, the trial court suspended imposition of sentence and placed appellant on probation for three years.

The trial court's January 9, 2013 minute order included various conditions of probation including, as pertinent here, "Do not view, purchase, possess or have access to any videotapes, films and/or magazines, floppy discs, CD's or any medium which depict minor(s) or people representing themselves as minor(s) in sexual activity."  In March

---

[1] All undesignated section references are to the Penal Code.

2014,[2] the probation department requested summary revocation of appellant's probation based on items found on appellant's cell phone, including viewing history showing appellant had viewed videos of prepubescent children and of breastfeeding toddlers, as well as a bookmark to a photograph of a picture of naked boys lying face-down on a large rock.

In May 2014, the trial court held a contested probation revocation hearing. Nancy Brown, appellant's probation officer, testified that she and her partner conducted a probation search at appellant's home in March, at which time she reviewed the contents of appellant's cell phone. Brown viewed the video history in appellant's "YouTube app" and discovered "a few breastfeeding tutorial videos" and a video of children, who appeared to be approximately five years old, playing in their swim suits at a water park. The trial court admitted, as People's Exhibit 1, a collection of photographs of videos in appellant's viewing history. Appellant told Brown "the videos were from a long time ago." Brown did not know when they had last been viewed or whether the viewing history was associated with appellant's YouTube account or his phone.[3]

A police detective testified about forensic analysis of appellant's cell phone. Among other things, the phone contained a bookmark to a photograph maintained in an online photo sharing website; when the bookmark was clicked it opened a photograph of four young boys lying naked on a rock. The photograph itself was not saved on appellant's phone. The testifying detective did not know whether appellant's bookmarks were saved in an account accessible from multiple devices or only saved on his cell phone. The bookmark was created or the photograph was last accessed in 2013. The photograph was admitted into evidence as People's Exhibit 2.

---

[2] In April 2013, appellant's probation was revoked and then reinstated after he admitted he failed to complete a residential alcohol treatment program.

[3] The request for revocation of probation asserted that appellant's cell phone was acquired sometime after May 2013, and at the time of sentencing appellant told Brown he had purchased his cell phone just weeks before his arrest and had downloaded his Google account onto the phone. There was no testimony on those points at the revocation hearing.

In May 2014, the trial court found appellant in violation of probation based on the contents of his cell phone.  In June, the court revoked probation and sentenced appellant to four years in prison.  This appeal followed.

DISCUSSION

A court may revoke probation "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her supervision . . . ." (§ 1203.2, subd. (a).)  We apply the substantial evidence standard when reviewing a trial court's finding of a probation violation.  (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848–849.)  The evidence must support a conclusion that the probationer's conduct constituted a willful violation of the terms and conditions of probation.  (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295 (*Cervantes*).)  A trial court's decision whether to revoke probation is reviewed for abuse of discretion.  (*People v. Kelly* (2007) 154 Cal.App.4th 961, 965.)

Appellant contends the trial court could not find him in violation of probation based on his having "access" to prohibited content, because the trial court's oral pronouncement of the conditions of probation only directed him not to "view, purchase, possess or have any videotapes, films, magazines, floppy discs or compact discs or any media which depicts child or adult pornography."  In contrast, the minute order setting forth the conditions directed him not to "view, purchase, possess *or have access to* any . . . medium which depict minor(s) or people representing themselves as minor(s) in sexual activity."  (Emphasis added.)  The trial court was not required to recite the probation conditions in every detail in its oral pronouncement.  As explained in *People v. Thrash* (1978) 80 Cal.App.3d 898, "The fact a person is granted probation, rather than a pardon, gives rise to the implication there are conditions.  These conditions need not be spelled out in great detail in court as long as the defendant knows what they are; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order and the probationer has a probation officer who can explain to him the contents of the order."  (*Id.* at pp. 901–902; accord *People v.*

3

*Rodriguez* (2013) 222 Cal.App.4th 578, 586.)  Thus, the operative probation conditions include the restriction on having "access to" prohibited material, not just a restriction on the possession of such material.

Two categories of prohibited content accessible through links found on appellant's cell phone are involved in the present case: (1) links to videos in the viewing history in the YouTube application, and (2) a bookmark to a photograph of naked boys on a rock maintained in an online photo sharing website.[4]  Because appellant was barred from having *access* to prohibited content, we need not determine whether possession of the links on appellant's phone constituted *possession* of the linked content.  Instead, the question is whether the presence of the links on appellant's phone constituted having "access" to the prohibited content.  Appellant does not directly address that issue on appeal.  Instead, appellant argues prohibiting him from having access to the content at issue would effectively prohibit him from having a phone with internet connectivity, and the probation officer was aware he had such a phone.  However, appellant was not found in violation for having a phone that could access prohibited content on the internet.  Instead, he was found in violation for having links on his phone to prohibited content, which the trial court could reasonably conclude constituted at least access to the materials.

Appellant argues it was improper to find him in violation of probation because there was no evidence of when he last accessed the videos at issue, and because the detective's testimony that the bookmark was created or accessed in 2013 is unreliable.  That argument is misplaced, because appellant was found in violation for having access to the prohibited content on his phone, not for viewing the content during the period of probation.[5]  Appellant also contends his violation of probation was not willful, apparently

---

[4] Appellant does not dispute the videos and photograph are content prohibited by his probation conditions.

[5] Appellant also argues he did not have notice probation could be revoked for possession of a phone that could access the internet.  But, as stated previously, he was not found in violation for possession of the phone itself.  He was found in violation of probation for keeping links to prohibited content.  We also reject any claim that the order revoking

4

because he claims the links were imported to his phone during a transfer of his Google account to his new phone. However, even assuming that to be the case (see fn. 3, *ante*), appellant does not dispute he intentionally directed Google to import his account information to his new phone.

The cases appellant cites are inapposite. In *People v. Galvan* (2007) 155 Cal.App.4th 978, 985, it was physically impossible for the probationer to comply with a reporting requirement because he had been deported. In *People v. Buford* (1974) 42 Cal.App.3d 975, 985–986, the lower court faulted the probationer for failing to respond to communications without evidence he received them and for failing to maintain employment in the absence of evidence any was available. (See *People v. Zaring* (1992) 8 Cal.App.4th 362, 375, 379 [probationer tardy for reasons beyond her control did not violate probation].) Those cases support the proposition that "[w]here a probationer is unable to comply with a probation condition because of circumstances beyond his or her control and defendant's conduct was not contumacious, revoking probation and imposing a prison term are reversible error." (*Cervantes*, *supra*, 175 Cal.App.4th at p. 295.) Appellant has not shown that maintaining links to prohibited content on his cell phone was a circumstance beyond his control.

## DISPOSITION

The trial court's orders are affirmed.

---

probation must be reversed because appellant did not have notice the probation department sought revocation based on his access to—rather than his possession of— prohibited content. Appellant received "adequate written notice of the alleged probation violation," because the department's request for revocation made clear it sought revocation based on the links to prohibited content on appellant's cell phone. (*People v. Urke* (2011) 197 Cal.App.4th 766, 776.) "Nor is this a circumstance wherein defense counsel may have prepared a different defense had the petition specified" having *access* to prohibited content as the basis for revocation. (*Ibid.*)

5

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.