Filed 6/18/21  P. v. Konovalov CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GEORGE MORRIS KONOVALOV,<br><br>Defendant and Appellant. | F078999<br><br>(Super. Ct. No. MCR057943)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Melissa Lipon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant George Morris Konovalov appeals following his convictions of misdemeanor assault (Pen. Code, § 240)[1] and three counts of felony attempting to make criminal threats (§ 422). Appellant contends his convictions must be reversed under an ineffective assistance of counsel theory because his trial counsel failed to object when the People introduced evidence of his prior instances of misconduct. Should his conviction not be reversed, appellant argues the trial court improperly imposed a probation condition restricting his right to travel outside of California and, in supplemental briefing, that the enactment of Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill 1950) means his term of probation must be reduced to no more than two years.

For the reasons set forth below, we affirm appellant's conviction and the travel probation condition but remand so that appellant's probation can be conformed to the requirements of Assembly Bill 1950.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant and his four siblings were beneficiaries of their father's trust, valued at around $845,000. In planning for the settlement of the trust assets, the siblings met to discuss various properties involved. Appellant's brother travelled from Oregon for the discussions. A heated discussion ensued, which resulted in physical violence and threats. Appellant allegedly choked his brother to the point of unconsciousness and threatened to kill his siblings, all over their desire to sell one of the properties utilized by appellant. Portions of the dispute were audio recorded and played for the jury.

The jury ultimately found appellant not guilty of assault with force likely to produce great bodily injury against his brother, assault and battery against one sister, and making criminal threats against three siblings. However, the jury convicted appellant of felony attempting to make criminal threats against three siblings, and misdemeanor assault against his brother.

---

[1] All future statutory references are to the Penal Code unless otherwise noted.

Following his conviction, appellant was effectively sentenced to five years of probation with various conditions imposed. These conditions included that appellant: "Not leave State without advance written consent of the Probation Officer."

This appeal timely followed.

## DISCUSSION

Appellant raises three arguments. First, that his conviction must be reversed based on the ineffective assistance of his counsel. Second, that the probation condition restricting his right to travel out of state is unconstitutional. And third, that the term of his probation must be modified based on Assembly Bill 1950.

### *Ineffective Assistance of Counsel*

Appellant's argument rests on the position that counsel was ineffective for failing to object to answers provided by appellant's sisters that disclosed prior bad acts. Appellant contends the answers were both impermissible character evidence and subject to exclusion under Evidence Code section 352. The People contend the answers were admissible to demonstrate both appellant's intent in making the threats and the reasonableness of his sisters' alleged fear. The People further argue appellant cannot demonstrate prejudice in this instance. Upon review, we conclude appellant cannot demonstrate ineffective assistance of counsel.

*Relevant Facts*

Appellant identifies two statements at trial to which no objections were raised that he contends supports his claim counsel was ineffective. In the first, the following exchange arose as the prosecutor asked whether one of appellant's sisters believed threats appellant had made to kill his siblings:

"Q: And when he said that to you, did you think he would carry out that threat?

"A: Well, it's hard to say. I didn't know what to think. That was the first time I saw my brother like that. I heard that he was like that before, and that was the first time I saw that, and I was a little bit surprised to see it that."

3.

In the second, the prosecutor was asking a different sister whether she had been previously threatened, when the following occurred:

"Q:  Did he ever threaten to kill you?

"A:  Sometimes, yes, there was times.

"Q:  Okay.  Was that after you called 911, or before you called 911?

"A:  It was lots of times.  Whenever he would come to go see Papa.  I would have—there was a time I had to call the police."

Appellant contends the reference to hearing appellant "was like that before" and to prior threats resulting in a 911 call were so egregious as to render the failure to object ineffective assistance of counsel.

*Standard of Review and Applicable Law*

To establish ineffective assistance of counsel, appellant must show that counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.)  The burden rests with the defendant to show inadequate or ineffective representation, and the proof " 'must be a demonstrable reality and not a speculative matter.' " (*People v. Karis* (1988) 46 Cal.3d 612, 656.)

On appeal, we look to the record to see if there is any explanation for the challenged aspects of representation.  If the reasons for defense counsel's actions are not readily apparent from the record, we will not assume constitutionally inadequate representation and reverse a conviction unless the record discloses " ' "no conceivable tactical purpose" ' for counsel's act or omission." (*People v. Lewis* (2001) 25 Cal.4th 610, 674–675; accord, *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

*Discussion*

Appellant contends the contested evidence in this case was inadmissible under Evidence Code section 1101 and thus should have drawn an objection from counsel.

Subdivision (a) of that statute makes inadmissible (subject to enumerated exceptions) evidence of prior violence toward the victim when offered to prove the defendant's disposition to commit the charged offense. However, it does not preclude such evidence when it is relevant to other disputed issues.

As the People point out, appellant was charged in this case with making criminal threats under section 422. This statute "incorporates a mental element on the part of not only the defendant but the victim as well," meaning that the prosecution is required to prove "that the victim was in a state of 'sustained fear' " and "must additionally show that the nature of the threat, both on 'its face and under the circumstances in which it is made,' was such as to convey to the victim an immediate prospect of execution of the threat and to render the victim's fear reasonable." (*People v. Garrett* (1994) 30 Cal.App.4th 962, 966–967.) Evidence far more damaging than the statements introduced by appellant's sisters has regularly been admitted under the rationale that it proves the mental elements of the criminal threat statute and has been deemed more probative than prejudicial. (See *People v. McCray* (1997) 58 Cal.App.4th 159, 172 [evidence of prior physical violence against victim admitted]; *Garrett*, at p. 967 [evidence husband had previously killed using a gun admitted].)

In light of the case law, it is not the case that there could be no conceivable tactical purpose for counsel's failure to object. Evidence of prior conduct is often admissible to demonstrate the relevant mental requirements of the criminal threats charge, rendering any objection futile. Moreover, evidence of regular meaningless threats could reduce the likelihood that one hearing the current threats would be in reasonable fear. Further, looking at the vagueness of the evidence admitted, merely that appellant's sisters had been aware of prior threats, we see no indication appellant was prejudiced by counsel's alleged failures. The evidence in this case was specific and electronically documented. There were multiple witnesses and a recording documenting the threats made by appellant. The jury weighed this evidence against the charges and returned a verdict that

did not convict on every count charged. Minimal additional evidence of alleged prior threats appears highly unlikely to have an impact on a jury that already considered more direct evidence and found appellant not guilty of the primary offenses charged. Accordingly, we reject appellant's ineffective assistance of counsel claim.

### *The Travel Condition*

Considering the travel condition of appellant's probation, appellant argues we should strike or modify the requirement to obtain advance written consent from a probation officer to travel outside California because the condition is overbroad. Appellant concedes he made no objection to the term when imposed and recognizes this failure generally waives the claim. The People argue this claim has been forfeited with respect to appellant's specific case and is not facially overbroad. We agree with the People.

While appellant contends that the travel restriction is facially overbroad, this standard condition of probation has been regularly upheld against overbreadth challenges. (See *People v. Thrash* (1978) 80 Cal.App.3d 898, 902.) Such a condition is "narrowly tailored to require only that [appellant] obtain written permission to leave the state. It does not prohibit travel within the state nor does it prohibit him from travel altogether. As such, it is ' "sufficiently precise for [appellant] to know what is required of him, and for the court to determine whether the condition has been violated." ' " (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1196.)

Further, we do not agree that the condition in this instance had nothing to do with appellant's criminal conduct or the risk of future criminality. It is notable that appellant's brother, whom he was convicted of assaulting, lives in Oregon and that appellant's criminal conduct arose out of personal disputes with his siblings. Thus, a travel condition that would allow probation to monitor proposed trips to Oregon, or other states where siblings may reside, would appear directly related to appellant's criminal conduct and risk of future criminal activity. In this way, although appellant hints at an ineffective

assistance claim for the failure to object, appellant has not shown that lack of an objection demonstrates deficient performance by counsel.  (See *People v. Karis*, *supra*, 46 Cal.3d at p. 656 [burden on appellant to demonstrate ineffective assistance].)

Regardless, an analysis of the burden of such restrictions would necessarily be different depending on the individual circumstances of the person upon which it was imposed.  As such, appellant's challenge on this front is rightly seen as an as-applied challenge and, thus, as one requiring an objection to preserve.  Having failed to object, appellant's claim is forfeited.  (*People v. Patton* (2019) 41 Cal.App.5th 934, 946.)

### *The Term of Probation*

Finally, in supplemental briefing, appellant argues that recently enacted Assembly Bill 1950 should retroactively apply to this case under the principles enunciated in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).  If accepted, appellant's term of probation would be limited to two years.  The People agree with this request.  We also agree.

*Standard of Review and Applicable Law*

Pure issues of law, such as whether a statute applies retroactively, are reviewed de novo.  (*People v. Whaley* (2008) 160 Cal.App.4th 779, 792.)  Relevant to this case, Assembly Bill 1950 amended section 1203.1 such that, subject to certain exceptions, a felony probation term cannot exceed two years and, similarly, that a misdemeanor probation term for most offenses cannot exceed one year.  (Stats. 2020, ch. 328, § 2.)  The changes became effective on January 1, 2021.

*Discussion*

Our Supreme Court has reviewed several cases considering whether statutes should apply retroactively to all cases that can be constitutionally affected, essentially all cases that are not yet final at the time the statute comes into effect.  Normally, statutes are presumed to apply only prospectively.  (*People v. Frahs* (2020) 9 Cal.5th 618, 627 (*Frahs*).)  However, as this is a cannon of statutory construction and not a constitutional mandate, the case law, primarily starting with *Estrada*, reverses this presumption to hold

that "amendatory statutes that lessen the punishment for criminal conduct are ordinarily intended to apply retroactively." (*Frahs*, at p. 627.) This principle has been expansively construed, such that statutes governing substantive offenses, penalty enhancements, and even statutes that merely make a reduced punishment possible have all been found to fall within its presumption of retroactivity. (*Id*. at pp. 628–629.)

The most recent of the cases in this area, *Frahs*, considered whether a statute implementing a pretrial diversion program for mentally ill offenders should retroactively apply to all nonfinal cases at the time the law became effective. (*Frahs*, *supra*, 9 Cal.5th at p. 624.) *Frahs* found retroactivity appropriate, in part, because the statute ameliorated the possible punishment for a category of people. Specifically, "the possibility of being granted mental health diversion rather than being tried and sentenced 'can result in dramatically different and more lenient treatment.' " (*Id*. at p. 631.) Accordingly, "the ameliorative nature of the diversion program place[d] it squarely within the spirit of the *Estrada* rule." (*Ibid*.)

As it relates to Assembly Bill 1950, three different courts have applied the guidance of *Estrada*, *Frahs*, and the court's jurisprudence in this area and concluded that the provisions of Assembly Bill 1950 should apply retroactively. (See *People v. Sims* (2021) 59 Cal.App.5th 943; *People v. Quinn* (2021) 59 Cal.App.5th 874; *People v. Burton* (2020) 58 Cal.App.5th Supp. 1.) In each of these cases, the court concluded the modifications to probation contained in Assembly Bill 1950 provided an ameliorative effect upon those subject to probation and that there were no indications in the statute that it should not apply retroactively.

Although probation is not considered to be mere punishment, it is not correct to claim courts never treat it as such. (See *People v. Sims*, *supra*, 59 Cal.App.5th at p. 959 [collecting cases].) Further, while there are strong rehabilitative aspects to probation, it is equally true that minor violations arising through noncriminal actions can result in the termination of probation and either implementation of the probationer's original sentence

or additional incarceration.  (*Id*. at p. 962.)  Taking these factors into consideration, we agree with our sister courts that modifications to the statutory terms governing probation can create an ameliorative effect that reduces the potential punishment for a class of persons.  Accordingly, the presumption of retroactivity applies and has not been rebutted.  On remand, appellant's term of probation should be modified to conform to Assembly Bill 1950.

## DISPOSITION

The judgment, to the extent it imposes a five-year grant of probation, is reversed, and the court is ordered on remand to resentence appellant to no more than two years of probation.  In all other respects, the judgment is affirmed.

HILL, P.J.

WE CONCUR:


SMITH, J.


MEEHAN, J.