Filed 5/12/21  P. v. Robles CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TERESA ROBLES,<br><br>    Defendant and Appellant. | F080024<br><br>(Super. Ct. No. F18908078)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Teresa Robles appeals following her sentencing and after pleading no contest to one count of battery with serious bodily injury (Pen. Code, § 243, subd. (d)).[1] Appellant challenges various conditions of probation imposed as part of her sentence.

---

[1]     All future statutory references are to the Penal Code unless otherwise noted.

These include challenges to conditions prohibiting use or possession of alcohol and marijuana, contact with narcotics users, and search of her electronic devices. Appellant also challenges the assessments, fine, and fee imposed, arguing they were imposed without a finding she could pay in violation of constitutional prohibitions on excessive fines, or equal protection principles. Finally, appellant contends the term of her probation should be shortened under a retroactive application of Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill 1950). The People concede certain aspects of appellant's arguments, but otherwise contend appellant's positions are flawed or forfeited.

We generally agree with the People's positions, except for one concession. Accordingly, for the reasons set forth below, we generally affirm the conditions of appellant's probation. Ultimately, we remand the matter for the trial court to amend the term of appellant's probation and to strike clerical error in the probation conditions.

**FACTUAL AND PROCEDURAL BACKGROUND**

Appellant and the victim in this case were both working as in-home care givers for the same client. During that time, appellant came to believe the victim was being paid for hours that appellant worked. In retaliation, appellant confronted the victim at the client's home and punched her. The punch broke her nose, exasperated a preexisting injury, and resulted in the charge to which appellant eventually pleaded guilty.

Considering the probation department's recommendations and the terms of the plea agreement, the court sentenced appellant to 364 days in jail and provided the following oral order imposing conditions as part of a three-year probation term:

"During the term of probation, obey all laws, all lawful directions of probation.

"Report to probation within two court days of your release from custody.

"Maintain contact and keep all appointments as directed by probation, including through the telephone kiosk reporting system.

2.

"Participate in all treatment program assessments as directed by court or probation.

"Advise probation of any change of address or employment within seven days.

"You're not to leave California without consent of probation or the court.

"Submit person and property, including financial records, vehicles, computers, handheld electronic and cellular devices and place of abode or known residences to search and seizure at any time, with or without a search warrant or other process.

"Under the California Electronic Communication[s] Privacy Act, you're subject to the search of your electronic devices for electronic device info. [¶] … [¶]

"You're not to knowingly possess or control any dangerous or deadly weapons, including firearms and ammunition. [¶] … [¶]

"Seek and maintain gainful employment during the probationary period.

"Enroll and complete an educational or vocational training program as directed by probation.

"Pay a fine of $300 per [section ]1202.4, and if probation is later revoked, [section ]1202.44 of the Penal Code.

"Make restitution as directed by probation, and the issue of restitution is reserved.

"You shall not use, possess or have under your custody or control any narcotics, controlled substances or narcotics paraphernalia without a valid prescription.

"Abstain from the use of marijuana and not knowingly associate with those who use or possess any narcotics or controlled substances.

"Submit to drug testing.

"Do not possess any tampering device which would alter or affect the administration or results of the drug test.

"You're not to knowingly contact victim or victim's family members without probation or court consent. [¶] … [¶]

3.

"… You are to enroll, participate and successfully complete an anger management program as directed by probation or the court, and sign waivers of confidentiality.

"Report immediately to probation if you leave a program or you're terminated from the program prior to completion.

"Those are terms and conditions of probation, the following are orders of the Court: Probation supervision fees are imposed of 360 a year, presentence report fee of $296.…

"I find you're not able to pay the cost of appointed counsel.

"The Court imposes a security fee of 40 bucks and a $30 assessment fee."

No objections were raised to the conditions imposed. Notably, all the probation conditions orally imposed were in line with those specifically recommended by probation and did not include the condition in the sentencing minute order prohibiting alcohol use.

This appeal timely followed.

## DISCUSSION

Appellant's arguments fall within two general categories (1) the conditions of her probation and (2) the assessments, fine, and fee imposed. The People concede some arguments in the first category and request a remand for modifications while generally opposing the remaining claims, arguing primarily they have been forfeited but that some are meritless regardless. As noted, we generally agree with the People's positions, except for one attempted concession discussed below.

### *Conditions of Probation*

Appellant challenges several conditions of probation.

*Alcohol Restriction*

First, she notes that the sentencing minute order in this case contained an additional condition that she not use or possess any alcoholic beverages. Appellant argues the condition is generally unreasonable, and the People concede that the oral

4.

pronouncement controls and this condition should be stricken as a clerical error. We agree with the concession under the facts of this case. The record does not indicate in any direct or indirect way the trial court wished to impose such a condition and we will thus strike the condition as a clerical error. (See *People v. Farell* (2002) 28 Cal.4th 381, 384 fn. 2 ["The record of the oral pronouncement of the court controls over the clerk's minute order"]; but see *People v. Thrash* (1978) 80 Cal.App.3d 898, 901–902 ["The fact a person is granted probation, rather than a pardon, gives rise to the implication there are conditions. These conditions need not be spelled out in great detail in court as long as the defendant knows what they are; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order and the probationer has a probation officer who can explain to him [or her] the contents of the order"].)

*Electronics Search Condition*

Appellant also challenges the electronics search condition[2] of her probation arguing it is both constitutionally overbroad and factually unreasonable. On this condition, the People concede constitutional overbreadth but argue that appellant has waived any argument the condition is unreasonable. We are, however, unable to reconcile the internal conflict between the People's attempted concession and their overbreadth argument. Upon review, we reject the People's concession that the condition is overbroad and find that appellant has forfeited any argument on this point.

<u>Discussion</u>

"The Legislature has placed in trial judges a broad discretion in the sentencing process, including the determination as to whether probation is appropriate and, if so, the

---

[2] The electronics search condition states: "Submit person and property, including financial records, vehicles, computers, handheld electronic and cellular devices and place of abode or known residences to search and seizure at any time, with or without a search warrant or other process. [¶] Under the California Electronic Communication[s] Privacy Act, you're subject to the search of your electronic devices for electronic device info."

conditions thereof.  [Citation.]  A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality ....'  [Citation.]  Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality."  (*People v. Lent* (1975) 15 Cal.3d 481, 486, fn. omitted, superseded by statute on other grounds as stated in *People v. Moran* (2016) 1 Cal.5th 398, 403 fn. 6.)

Defense counsel posed no objection to the electronics search condition or any other probation condition, including broad search requirements concerning appellant's home and person.  The People, citing to *People v. Appleton* (2016) 245 Cal.App.4th 717, attempt to concede that the overbreadth argument raises a pure issue of law—meaning the search condition is necessarily overbroad on its face—and thus required no objection to preserve.  However, with respect to the reasonableness of the condition, the People argue the condition as imposed was reasonably related to future criminality because the conditions of probation included a stay away order that could be violated through use of electronic devices.  We do not see how these positions can be reconciled considering the case law on forfeiture of factually dependent constitutional arguments.

*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*) discusses the proposition that a claim that a probation condition is constitutionally overbroad presents a question of law which is preserved for appeal without an objection.  There, the court explained that applying the forfeiture rule "to appellate claims involving discretionary sentencing choices or unreasonable probation conditions is appropriate, because characteristically the trial court is in a considerably better position than the Court of Appeal to review and modify a sentence option or probation condition that is premised upon the facts and circumstances of the individual case."  (*Id*. at p. 885.)  "In contrast, an appellate claim—amounting to a 'facial challenge'—that phrasing or language of a probation condition is

6.

unconstitutionally vague and overbroad because, for example, of the absence of a requirement of knowledge as in the present case, does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts—a task that is well suited to the role of an appellate court. Consideration and possible modification of a challenged condition of probation, undertaken by the appellate court, may save the time and government resources that otherwise would be expended in attempting to enforce a condition that is invalid as a matter of law." (*Ibid.*)

The Supreme Court cautioned, however, that not every constitutional challenge would fit within this exception to the forfeiture rule. "As stated by the court in [*In re Justin S.* (2001) 93 Cal.App.4th 811, 815, fn. 2], we do not conclude that 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." ' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.)

In this case, as the People argue with respect to reasonableness, the contested condition is valid as a measure related to the risk of future criminality, in part because of the requirement that appellant not contact the victim. Thus, the imposition of an electronics search condition is valid. Further, as our Supreme Court recently noted, imposition of an electronics search condition is not improper, in itself, even when broadly imposed. Rather, under either *People v. Lent* or a pure overbreadth analysis, the question is whether, on the record, the imposition of such a condition is reasonable. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1124, 1128–1129.) Thus, the import of appellant's argument becomes whether that condition was appropriately tailored to her situation given the record developed. Such an analysis is specifically the type our Supreme Court has stated requires an objection to preserve. In addition, in *People v. Patton* (2019)

7.

41 Cal.App.5th 934, our sister court concluded the electronics search condition there was not facially overbroad, and held that "[a]ny challenge to the closeness of fit between the condition and facts related to [the defendant's] crime or history is an as-applied constitutional claim, forfeited by [the defendant's] failure to object on that basis before the trial court." (*Id*. at p. 938.) Appellant's failure to object thus forfeited this issue on appeal. (*Id*. at pp. 946–947.)

While appellant raises an argument that the failure to object constitutes ineffective assistance of counsel, such an argument cannot prevail on this record. As noted, the condition imposed is not facially invalid and appellant agreed to similarly broad searches of her person, homes, vehicles, and property, all of which are not challenged here and all of which could be read as equally broad. The record shows no reason for counsel's tactical decision to forego an objection here, and the possibility that the condition is appropriately tailored for appellant's situation precludes us from concluding no reasonable attorney could have failed to object. (See *People v. Hart* (1999) 20 Cal.4th 546, 623–624 [" 'Tactical errors are generally not deemed reversible; and counsel's decisionmaking must be evaluated in the context of the available facts. [Citation.] To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation" ' "].)

*Marijuana and Narcotics Conditions*

Appellant raises two concerns with the conditions associated with marijuana and other narcotics.

First, appellant contends that the condition she not possess or use marijuana is unreasonable, primarily because possession of marijuana under a certain amount is legal in California. Although she recognizes no objection was raised to this condition, appellant argues no objection was necessary, but that any failure to object was ineffective

8.

assistance of counsel. The People contend this claim has been forfeited and that appellant cannot demonstrate ineffective assistance of counsel. We agree with the People.

As noted above, even if constitutional issues underly an argument, forfeiture may still exist if resolution of the challenge does not present " ' "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." ' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.) As the People note, although possession of certain amounts of marijuana is legal in California, this alone is not sufficient to raise a pure issue of law concerning the appropriateness of a restriction on marijuana use or possession. Rather, the question here is whether the condition is properly tailored to appellant's factual situation to warrant the restriction on her rights. Further, the record in this case demonstrates that appellant was a heavy and habitual marijuana user, admitting to use at least daily, meaning the question of the proper scope of a marijuana condition given appellant's criminal conduct is not a question that can be resolved without reference to the sentencing record. Thus, appellant's failure to object to the condition imposed forfeited the issue on appeal.

Appellant argues this conclusion demonstrates appellant received ineffective assistance of counsel. We do not agree. The record shows no reason for counsel's tactical decision to forego an objection here and the possibility that the condition is appropriately tailored for appellant's situation precludes us from concluding no reasonable attorney could have failed to object. (See *People v. Hart*, *supra*, 20 Cal.4th at pp. 623–624 [" 'Tactical errors are generally not deemed reversible; and counsel's decisionmaking must be evaluated in the context of the available facts. [Citation.] To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment "unless counsel was asked for an

9.

explanation and failed to provide one, or unless there simply could be no satisfactory explanation" ' "].)

Appellant's second contention is that the condition that she not knowingly associate with those who use or possess any narcotics or controlled substances is overbroad in that it expressly prohibits her from associating with people possessing legally prescribed narcotics. Appellant suggests this court use its authority to modify the condition to read that she "not knowingly associate with those who illegally use or possess any narcotics or controlled substances." The People agree and propose substantially similar language.

Unlike appellant's other arguments, her position here is not dependent upon any aspects of the factual record to determine the appropriateness of the condition. The court's inadvertent failure to limit appellant's contact with individuals to only those illegally possessing narcotics or controlled substances resulted in a condition that would bar appellant from contact with a substantial swath of society. We thus agree with appellant and the People and order the condition be modified so that appellant not knowingly associate with those who illegally use or possess any narcotics or controlled substances. (See *Sheena K.*, *supra*, 40 Cal.4th at p. 892 [approving modification of condition by court of appeal].)

*Probation Term*

Finally, appellant contests the term of her probation. Noting that, if applicable, Assembly Bill 1950 would limit the term of her probation to two years, appellant argues this new law should apply retroactively. The People agree the law should apply to all cases that are not yet final at the time it became effective.

Standard of Review and Applicable Law

Pure issues of law, such as whether a statute applies retroactively, are reviewed de novo. (*People v. Whaley* (2008) 160 Cal.App.4th 779, 792.) Relevant to this case, Assembly Bill 1950 amended Penal Code section 1203.1 such that, subject to certain

10.

exceptions, a felony probation term cannot exceed two years and, similarly, that a misdemeanor probation term for most offenses cannot exceed one year. (Stats. 2020, ch. 328, § 2.) The changes became effective on January 1, 2021.

Discussion

Our Supreme Court has reviewed several cases considering whether statutes should apply retroactively to all cases that can be constitutionally affected, essentially all cases that are not yet final at the time the statute comes into effect. Normally, statutes are presumed to apply only prospectively. (*People v. Frahs* (2020) 9 Cal.5th 618, 627 (*Frahs*).) However, as this is a cannon of statutory construction and not a constitutional mandate, the case law, primarily starting with *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), reverses this presumption to hold that "amendatory statutes that lessen the punishment for criminal conduct are ordinarily intended to apply retroactively." (*Frahs*, at p. 627.) This principle has been expansively construed, such that statutes governing substantive offenses, penalty enhancements, and even statutes that merely make a reduced punishment possible have all been found to fall within its presumption of retroactivity. (*Id*. at pp. 628–629.)

The most recent of the cases in this area, *Frahs*, considered whether a statute implementing a pretrial diversion program for mentally ill offenders should retroactively apply to all nonfinal cases at the time the law became effective. (*Frahs*, *supra*, 9 Cal.5th at p. 624.) *Frahs* found retroactivity appropriate, in part, because the statute ameliorated the possible punishment for a category of people. Specifically, "the possibility of being granted mental health diversion rather than being tried and sentenced 'can result in dramatically different and more lenient treatment.' " (*Id*. at p. 631.) Accordingly, "the ameliorative nature of the diversion program place[d] it squarely within the spirit of the *Estrada* rule." (*Ibid*.)

As it relates to Assembly Bill 1950, three different courts have applied the guidance of *Estrada*, *Frahs*, and the court's jurisprudence in this area and concluded that

11.

the provisions of Assembly Bill 1950 should apply retroactively. (See *People v. Sims* (2021) 59 Cal.App.5th 943; *People v. Quinn* (2021) 59 Cal.App.5th 874; *People v. Burton* (2020) 58 Cal.App.5th Supp. 1.) In each of these cases, the court concluded the modifications to probation contained in Assembly Bill 1950 provided an ameliorative effect upon those subject to probation and that there were no indications in the statute that it should not apply retroactively.

Although probation is not considered to be mere punishment, it is not correct to claim courts never treat it as such. (See *People v. Sims*, *supra*, 59 Cal.App.5th at p. 959 [collecting cases].) Further, while there are strong rehabilitative aspects to probation, it is equally true that minor violations arising through noncriminal actions can result in the termination of probation and either implementation of the probationer's original sentence or additional incarceration. (*Id*. at p. 962.) Taking these factors into consideration, we agree with our sister courts that modifications to the statutory terms governing probation can create an ameliorative effect that reduces the potential punishment for a class of persons. Accordingly, the presumption of retroactivity applies and has not been rebutted. On remand, appellant's term of probation should be modified to conform to Assembly Bill 1950.

### *Assessments, Fine, and Fee*

Appellant's second grouping of arguments challenges the assessments, fine, and fee imposed as part of her sentence. Appellant challenges the $40 court operations assessment (Pen. Code, § 1465.8) and the $30 criminal conviction assessment (Gov. Code, § 70373) on the ground there was no determination she was able to pay them. Appellant challenges the $300 restitution fine (Pen. Code, § 1202.4) as a violation of the constitutional prohibition against excessive fines and a violation of equal protection. Finally, appellant challenges the $296 probation report fee (Pen. Code, § 1203.1b) because there was no determination appellant could pay it. Recognizing these issues may have been forfeited due to lack of objections, appellant argues any failure to object

constitutes ineffective assistance of counsel.  The People oppose appellant's request, noting that the primary case supporting appellant's claims, *People v. Dueñas* (2019) 30 Cal.App.5th 1157, was decided prior to appellant's sentencing and thus, the lack of objection forfeited any argument on appeal.  The People additionally argue the assessments, fine, and fee are constitutionally appropriate and that any error would be harmless regardless.  Finally, the People assert appellant has failed to demonstrate ineffective assistance of counsel.  We agree with the People.

The trial court sentenced appellant on September 4, 2019.  As appellant notes in reply, this was several months after *Dueñas* was published.  Despite this, appellant did not object to the probation report fee, assessments, or the restitution fine imposed.  We thus find her challenges forfeited and we decline to exercise our discretion to adjudicate these forfeited issues.  (See *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1073.)

We similarly reject appellant's ineffective assistance of counsel claims.  To establish ineffective assistance of counsel, appellant must show that counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.)  The burden rests with the defendant to show inadequate or ineffective representation, and the proof " 'must be a demonstrable reality and not a speculative matter.' "  (*People v. Karis* (1988) 46 Cal.3d 612, 656.)

On appeal, we look to the record to see if there is any explanation for the challenged aspects of representation.  If the reasons for defense counsel's actions are not readily apparent from the record, we will not assume constitutionally inadequate representation and reverse a conviction unless the record discloses " ' "no conceivable tactical purpose" ' " for counsel's act or omission."  (*People v. Lewis* (2001) 25 Cal.4th 610, 674–675; accord, *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

13.

The challenged assessments, fine, and fee total less than $700.  The record shows that appellant had income of at least $900 per month, excluding any money made working.  Under the principles related to appellant's challenge, appellant bore the burden of establishing that she would not be able to pay the assessments, fine, and fee imposed.  Yet, her argument for ineffective assistance of counsel distills to a claim that the issue should have been put before the court for further consideration based on the numbers above and the court's finding she could not afford counsel.  Such generalized claims do not show that counsel's failure to ask for an ability-to-pay hearing falls below an objective standard of reasonableness.  Further, although appellant debates the point, the record does imply a tactical reason—specifically an ability to pay the assessments, fine, and fee over time—for not objecting.

## DISPOSITION

The judgment, to the extent it imposes a three-year grant of probation, is reversed, and the trial court is ordered on remand to resentence appellant to no more than two years of probation.  This court further orders the condition appellant refrain from alcohol be struck as a clerical error and orders the condition requiring appellant not knowingly associate with those who use or possess any narcotics or controlled substances be modified to require appellant "not knowingly associate with those who illegally use or possess any narcotics or controlled substances."  In all other respects, the judgment is affirmed.

HILL, P.J.

WE CONCUR:


SMITH, J.


MEEHAN, J.

14.