Filed 6/15/21  P. v. Chung CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DEBBIE DEE CHUNG,<br><br>    Defendant and Appellant. | F080217<br><br>(Super. Ct. No. PCF370667)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Robert Anthony Fultz, Judge.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, William K. Kim and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Debbie Dee Chung appeals various probation conditions following a conviction for bringing contraband into a jail. (Pen. Code, § 4573.5.) Appellant, in initial and supplemental briefing, raises five issues. First, appellant notes that the oral pronouncement of the condition waiving Fourth Amendment rights does not contain a requirement to permit searches of "any electronic device," but the form minute order from the sentencing hearing (minute order) does. Second, appellant argues that any search condition including electronic devices would be unconstitutionally overbroad. Third, appellant objects on constitutional grounds to the condition requiring appellant obtain and maintain employment as an infringement upon appellant's right to stay at home and care for one's children. Fourth, appellant argues that Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill 1950) should be retroactively applied to reduce appellant's term of probation to a maximum of two years. Fifth, appellant argues certain assessments were imposed without a determination appellant could pay.

The People respond, relying on *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*), and appear to concede the court's current electronics search condition should be modified. However, the People request this court remand for further proceedings rather than reach the broad constitutional claim raised. The People contend appellant has forfeited the employment condition and ability to pay arguments, while arguing any error in the ability to pay argument was harmless. Finally, the People argue that Assembly Bill 1950 is not retroactive and should not apply to appellant's case.

For the reasons set forth below, we affirm the conditions of appellant's probation but remand so that appellant's probation can be conformed to the requirements of Assembly Bill 1950.

### FACTUAL AND PROCEDURAL BACKGROUND

In September 2018, police responded to a family disturbance call. Upon arriving, they made contact with appellant who was discovered to have an outstanding warrant and was arrested. Appellant was transported to jail, searched, and found in possession of a

white crystalline substance.  Appellant was subsequently charged with bringing methamphetamine into a jail and possession of a controlled substance.  As part of a plea agreement, appellant pleaded guilty to bringing methamphetamine into a jail.  In line with that agreement, appellant was ordered to undergo inpatient drug treatment, given a suspended sentence, and placed on probation for three years.

Various terms and conditions of probation were ordered, which the court described as "the standard drug terms that I normally do."  These included a search condition that is challenged in this appeal.  At sentencing, the court described this condition as requiring appellant to "[s]ubmit to a search of your person, residence, automobile or any object under your control at any time of the day or night, with or without a search warrant, with or without your consent by any peace officer or probation officer."  However, in the minute order, the boxes checked included additional language which ultimately reads, "[Appellant] shall ☑ submit to a search of ☑ person ☑ automobile ☑ residence ☑ any object under his/her control *including any electronic device* at any time day or night with or without a search warrant ☑ with or without his/her consent by any … ☑ Probation Officer during the term of probation."  (Italics added.)  The conditions also included that appellant "shall seek and maintain employment pursuant to [section ]1203.1 of the Penal Code."  This was orally described as:  "Seek and maintain employment.  Provide proof of your attempts to seek employment at the direction of the probation officer."

Finally, as part of the sentence, the court imposed certain monetary requirements, including restitution, which was stayed, a $40 court operations assessment, and a $30 criminal conviction assessment.  No finding was made regarding appellant's ability to pay these assessments; however, the court did conclude that appellant was unable to pay her attorney fees.  In addition, the court delayed sentencing to permit appellant to pay $185 in outstanding fees from a prior case, which appellant paid immediately prior to sentencing.

No objections were raised at sentencing to any of the discussed terms and conditions. And when asked, "Do you agree to those terms?" appellant responded, "Yes." No probation report was provided. The court, recognizing appellant had successfully completed various portions of the plea agreement early, specifically noted that appellant was "welcome back in the future to look at an early termination if you continue to comply with terms of probation."

This appeal timely followed.

## DISCUSSION

Appellant's arguments focus either on conditions of probation or the assessments imposed. We review the arguments based on these categories.

### *The Search Condition*

Appellant raises two issues with the search condition imposed. First, appellant argues that the specific authorization to search electronic devices is improper because the trial court did not specifically impose such a condition. Second, appellant contends that the general search condition is overbroad and must be corrected to exclude any searches of electronic devices found in appellant's possession. The People, apparently conceding some error exists in the condition as imposed, seeks to avoid the issues altogether and simply remand to the trial court for consideration whether a proper electronics search condition can be imposed.

We do not agree with either position. While it is correct that the court did not orally state it was imposing a specific electronics search condition, the law does not require such specificity with respect to general conditions of probation. Further, although the People fail to argue forfeiture, we note that the relevant law had been developed prior to appellant's sentencing and no objections were raised to the terms and conditions imposed. Thus, appellant's challenge to the search condition of probation has been forfeited.

*Standard of Review and Applicable Law*

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment." (*Id*. at pp. 387–388.) However, this does not generally apply to terms and conditions of probation. "[P]robation is an act of clemency which imposes no penalties unless the conditions of probation are broken. [Citation.] The fact a person is granted probation, rather than a pardon, gives rise to the implication there are conditions. These conditions need not be spelled out in great detail in court as long as the defendant knows what they are; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order and the probationer has a probation officer who can explain to him the contents of the order." (*People v. Thrash* (1978) 80 Cal.App.3d 898, 901–902 (*Thrash*).)

With respect to the electronics search condition imposed, in *Ricardo P*., *supra*, 7 Cal.5th 1113 our Supreme Court invalidated a search condition which required a minor on probation to "submit all of his electronic devices and passwords to search at any time." (*Id*. at pp. 1122–1123.) *Ricardo P*. held that the electronics search condition was invalid under the third prong of the standard test for such issues set forth in *People v. Lent* (1975) 15 Cal.3d 481. (*Ricardo P*., at p. 1128.) However, *Ricardo P*. clarified that it was not "categorically invalidat[ing] electronics search conditions." (*Ibid*.) Rather, taking a case-specific factual approach, the court concluded that "meaningful review requires more than speculation that the juvenile court had in mind 'myriad considerations' that 'cannot be completely accounted for through a relatively clinical and abstract proportionality assessment' on appeal. [Citation.] Even deferential review must be anchored in the record made by the juvenile court. This case involves a probation condition that imposes a very heavy burden on privacy with a very limited justification."

5.

(*Id*. at p. 1124.)  Indeed, the court's analysis cited to both *In re Malik J.* (2015) 240 Cal.App.4th 896 and *People v. Ebertowski* (2014) 228 Cal.App.4th 1170.  (*Ricardo P.*, at p. 1129.)  Both *In re Malik J.* and *Ebertowski* found certain aspects of electronics search conditions were constitutional and not overbroad based on the particular circumstances of those cases.  (*In re Malik J.*, at pp. 902–905; *Ebertowski*, at pp. 1175–1176.)

In *People v. Patton* (2019) 41 Cal.App.5th 934 (*Patton*) our sister court concluded the electronics search condition there was not facially overbroad, and held that "[a]ny challenge to the closeness of fit between the condition and facts related to [the defendant's] crime or history is an as-applied constitutional claim, forfeited by [the defendant's] failure to object on that basis before the trial court."  (*Id*. at p. 938.)  "A facial challenge 'does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts.'  [Citation.]  The claim is that a condition cannot have *any* valid application, without relying on any facts in the sentencing record."  (*Id*. at p. 946.)

"A sentencing court has 'broad discretion' to fashion appropriate conditions of probation that facilitate rehabilitation and foster public safety.  [Citation.]  We review the conditions imposed for abuse of discretion."  (*Patton*, *supra*, 41 Cal.App.5th at p. 944.)

*Discussion*

The resolution of appellant's arguments is complicated by the People's response.  Although *Ricardo P.* had been decided prior to appellant's sentencing and no objection was raised to the terms and conditions imposed, the People do not provide an argument in response to appellant's preemptive claim the issue was not forfeited.  Further, the People appear to presume the condition imposed violates *Ricardo P.* and request this court remand to the trial court to determine whether an appropriate electronics search condition can be imposed.  In making this argument, the People do not discuss whether they dispute

appellant's claim the specific language of the minute order that includes searches of electronic devices must be struck under the case law.

Upon review of the law outlined above, we are not convinced that the electronics search language imposed by the minute order must be struck. The court specifically noted that it intended to impose its "standard drug terms." The minute order utilized included the electronics search condition as part of a single phrase, indicating it was part of the standard terms. Under *Thrash*, probation conditions need not be spelled out if they are made known to the defendant. (*Thrash*, *supra*, 80 Cal.App.3d at pp. 901–902.) That appears to be what occurred here, as appellant was represented by counsel who did not object to the court's imposition of its standard terms, and who presumably knew that appellant had already been under a requirement to "[s]ubmit to a search of her person, residence, automobile and any object under her control" under the "Pre-Trial / Pre-Sentence Supervised Release Program" appellant was already under. Further, a failure to object could have been a reasonable tactical decision, given the court's stated view that appellant was proceeding well through probation and should look to apply for early termination, and given appellant's criminal history leading to the preexisting arrest warrant.

Although the People suggest we remand this matter, we conclude not only that the search language contained in the minute order should not be struck, but also that any argument the search condition imposed was overly broad given appellant's criminal conduct was forfeited. The criminal offense or appellant's personal history may provide a sufficient basis on which to conclude the condition is a proportional means of deterring future criminality. (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1128–1129.) In such cases, the imposition of an electronics search condition would be constitutional. Since there could be circumstances in which such a condition was appropriate, we reject appellant's argument that the electronics search condition is facially overbroad and consider any as-

7.

applied challenge forfeited given appellant's lack of at timely objection.  (*Patton*, *supra*, 41 Cal.App.5th at p. 946.)

## *The Employment Condition*

Considering the employment condition, appellant argues we should strike the requirement to seek and maintain employment because the condition is facially invalid. More specifically, appellant argues that imposing a requirement one "seek and maintain employment" impinges on one's due process right to stay home and care for one's children.  The People argue this claim has been forfeited.  We agree with the People.

While appellant contends that the employment condition is facially overbroad, we see nothing to distinguish it from the electronics search condition.  There are many scenarios in which one's criminal behavior or history could warrant imposition of a probation condition requiring employment.  Nor do we see any merit in appellant's claim that such a condition "is in no way narrowly tailored to government's interest in rehabilitating criminal defendants and reducing recidivism."  It is reasonable to conclude that those who are employed are less likely to engage in criminal conduct designed to generate income and will have less opportunities to do so.  And, as appellant notes, the statutory directive indicates there are additional goals such as support of dependents and payment of fines that are also supported by the condition.  (Pen. Code, § 1203.1, subd. (d).)  For this reason, this court has previously upheld the statute on a facial challenge raised under the Thirteenth Amendment to the United States Constitution.  (See *People v. Hodgkin* (1987) 194 Cal.App.3d 795, 809.)  Regardless, even if there was some cognizable due process burden on the right to raise a family inherent in seeking and maintaining employment, the burden would necessarily be different depending on the individual circumstances of the person upon which it was imposed.  As such, appellant's challenge is rightly seen as an as-applied challenge and, thus, as one requiring an objection to preserve.  Having failed to object, appellant's claim is forfeited.  (*Patton*, *supra*, 41 Cal.App.5th at p. 946.)

8.

### *The Term of Probation*

In supplemental briefing, appellant argues that recently enacted Assembly Bill 1950 should retroactively apply to this case under the principles enunciated in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).  If accepted, appellant's term of probation would be limited to two years.  In this case,[1] the People contend that Assembly Bill 1950 should not be applied retroactively, and thus appellant's term of probation should not change.  Upon an independent review of the law and considering the thorough analysis conducted by some of our sister courts on this issue, we conclude that probation carries with it a sufficient risk of punishment that modifications create an ameliorative effect upon a specific group of people and thus fall within the retroactivity doctrine.

*Standard of Review and Applicable Law*

Pure issues of law, such as whether a statute applies retroactively, are reviewed de novo.  (*People v. Whaley* (2008) 160 Cal.App.4th 779, 792.)  Relevant to this case, Assembly Bill 1950 amended Penal Code section 1203.1 such that, subject to certain exceptions, a felony probation term cannot exceed two years and, similarly, that a misdemeanor probation term for most offenses cannot exceed one year.  (Stats. 2020, ch. 328, § 2.)  The changes became effective on January 1, 2021.

Our Supreme Court has reviewed several cases considering whether statutes should apply retroactively to all cases that can be constitutionally affected, essentially all cases that are not yet final at the time the statute comes into effect.  Normally, statutes are presumed to apply only prospectively.  (*People v. Frahs* (2020) 9 Cal.5th 618, 627 (*Frahs*).)  However, as this is a cannon of statutory construction and not a constitutional mandate, the case law, primarily starting with *Estrada*, reverses this presumption to hold that "amendatory statutes that lessen the punishment for criminal conduct are ordinarily intended to apply retroactively." (*Frahs*, 9 Cal.5th at p. 627.)  This principle has been

---

[1]     The People concede retroactivity in other, later filed, cases pending before this court.

expansively construed, such that statutes governing substantive offenses, penalty enhancements, and even statutes that merely make a reduced punishment possible have all been found to fall within its presumption of retroactivity. (*Id*. at pp. 628–629.)

The most recent of the cases in this area, *Frahs*, considered whether a statute implementing a pretrial diversion program for mentally ill offenders should retroactively apply to all nonfinal cases at the time the law became effective. (*Frahs*, *supra*, 9 Cal.5th at p. 624.) *Frahs* found retroactivity appropriate, in part, because the statute ameliorated the possible punishment for a category of people. Specifically, "the possibility of being granted mental health diversion rather than being tried and sentenced 'can result in dramatically different and more lenient treatment.' " (*Id*. at p. 631.) Accordingly, "the ameliorative nature of the diversion program place[d] it squarely within the spirit of the *Estrada* rule." (*Ibid.*)

As it relates to Assembly Bill 1950, three different courts have applied the guidance of *Estrada*, *Frahs*, and the court's jurisprudence in this area and concluded that the provisions of Assembly Bill 1950 should apply retroactively. (See *People v. Sims* (2021) 59 Cal.App.5th 943; *People v. Quinn* (2021) 59 Cal.App.5th 874; *People v. Burton* (2020) 58 Cal.App.5th Supp. 1.) In each of these cases, the court concluded the modifications to probation contained in Assembly Bill 1950 provided an ameliorative effect upon those subject to probation and that there were no indications in the statute that it should not apply retroactively.

*Discussion*

The People contend that Assembly Bill 1950 should not be applied retroactively because probation is not punishment, but rather an act of clemency designed to rehabilitate. The People note that ending such programs early "will leave conditions of probation unfulfilled and rehabilitative goals unmet." While these positions are well taken, we note that they were raised and persuasively rejected by our sister courts. Although probation is not considered to be mere punishment, it is not correct to claim

10.

courts never treat it as such.  (See *People v. Sims*, *supra*, 59 Cal.App.5th at p. 959 [collecting cases].)  Further, while there are strong rehabilitative aspects to probation, it is equally true that minor violations arising through noncriminal actions can result in the termination of probation and either implementation of the probationer's original sentence or additional incarceration.  (*Id*. at p. 962.)  Taking these factors into consideration, we agree with our sister courts that modifications to the statutory terms governing probation can create an ameliorative effect that reduces the potential punishment for a class of persons.  Accordingly, the presumption of retroactivity applies and has not been rebutted.  On remand, appellant's term of probation should be modified to conform to Assembly Bill 1950.

## *The Assessments Imposed*

Finally, appellant challenges the court's imposition of a $40 court operations assessment pursuant to Penal Code section 1465.8 and a $30 criminal conviction assessment pursuant to Government Code section 70373.  Appellant contends the record shows appellant is indigent and, thus, under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 these assessments could not be imposed without a finding appellant had the ability to pay.  Appellant recognizes no objections were raised to the assessments, but contends the issue is not forfeited.

Although *People v. Dueñas* was decided prior to appellant's sentencing, no objection to the assessments was made.  In addition, the record shows appellant paid a substantially greater fine immediately prior to the sentencing hearing, potentially undercutting any argument appellant could not pay here.  Normally, we would consider such a claim forfeited.  (*People v. Aviles*, (2019) 39 Cal.App.5th 1055, 1073.)  However, in this instance, we are remanding for modification of the length of appellant's probation term.  In this context, we see no reason to foreclose any objection appellant may make based on inability to pay.  Accordingly, upon remand the trial court may consider appellant's arguments based on inability to pay.

11.

## DISPOSITION

The judgment, to the extent it imposes a three-year grant of probation, is reversed, and the trial court is ordered on remand to resentence appellant to no more than two years of probation.  Upon remand, the trial court may entertain appellant's argument she is unable to pay relevant fines and fees.  In all other respects, the judgment is affirmed.


                                                                              HILL, P.J.

WE CONCUR:


SMITH, J.


MEEHAN, J.